433 So.2d 1280 (1983)
James R. ENDRESS, Petitioner,
v.
Harry Lee COE, III, As Judge of the Circuit Court for the Thirteenth Judicial Circuit of Florida, Respondent.
No. 83-1240.
District Court of Appeal of Florida, Second District.
June 29, 1983.
Rehearing Denied July 11, 1983.
Norman S. Cannella and Davis G. Anderson, Jr., Tampa, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
Petitioner, James R. Endress, petitions this court for a writ of certiorari to quash the order disqualifying Norman Cannella from representing petitioner on a first-degree murder charge. We grant certiorari.
In the instant case, the state concedes that Mr. Cannella had no substantial involvement in the case involving petitioner. The state never even contends that there is any advantage gained or lost by reason of Norman Cannella's prior position as chief assistant state attorney. At the disqualification hearing, Judge Coe asked: *1281 "Does this case involve some matters that are sensitive or confidential?" The state responded: "No, Sir. No, Sir. It does not." Shortly thereafter, Judge Coe again asked: "Let me make sure I have got it straight now. There is no question here of Mr. Cannella, by virtue of having been in the state attorney's office, coming into possession of any matters that are sensitive or confidential regarding this case?" The state responded: "I have no knowledge of any matters." The closest allegation of any involvement is the vague reference in the transcript to some conversations between the assistant state attorneys responsible for prosecuting the case and Mr. Cannella regarding possible plea negotiations. At the hearing, the assistant state attorney indicated that he had "conversed with Mr. Cannella about the Endress matter, specifically the homicide, on one occasion. We did not talk about the facts. However, we discussed plea negotiations." There is no indication that any such conversations worked to the advantage or disadvantage of either party. Absent a showing of participation to any extent in the investigation leading to a criminal charge, or some involvement in the case itself, or some advantage gained that would work to the disadvantage of the state, a former assistant state attorney should not be automatically disqualified from acting as defense counsel for a defendant investigated or charged during the time counsel served as an assistant state attorney. In Re Advisory Opinion on Professional Ethics No. 361, 77 N.J. 199, 390 A.2d 118 (1978). Cf., Trautman v. General Motors Corp., 426 So.2d 1183 (Fla. 5th DCA 1983); DeArce v. State, 405 So.2d 283 (Fla. 1st DCA 1981); Sears, Roebuck & Co. v. Stansbury, 374 So.2d 1051 (Fla. 5th DCA 1979). Furthermore, the test to disqualify defense counsel in a criminal proceeding will not always be the same as the test that may disqualify counsel in a civil proceeding.
The state's primary allegation is that Mr. Cannella should be disqualified based on the possibility of a public perception of ethical improprieties. The possibility of the appearance of impropriety alone is not sufficient to disqualify Mr. Cannella in this case.[1]
The trial court did not base its disqualification order solely on the possibility of an ethical impropriety but also on the feeling that the petitioner was being "painted into a corner." While Mr. Cannella presented the trial judge with a court reporter's transcript of a conference between Mr. Cannella and the petitioner wherein the petitioner was informed of the circumstances of Mr. Cannella's previous involvement, the record reveals that the trial court never questioned the petitioner personally. On remand, the trial court shall insure that the petitioner fully understands the disabilities a potential conflict may place on his defense and the adverse consequences that may result from such representation.
Accordingly, certiorari is granted, the disqualification order is quashed, and the cause is remanded for further proceedings consistent with this opinion.
GRIMES, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.
NOTES
[1] Mr. Cannella presented to the trial judge a staff opinion from The Florida Bar which cited previous authority that would lead us to conclude that there was no ethical impropriety here.