PER CURIAM.
This is the third recent occasion for this court to revisit whether Norman Cannella can represent clients who were charged with crimes while Mr. Cannella was employed by the State Attorney’s office.
Petitioner, the state, petitions this court for a writ of certiorari to quash the order denying the state’s motion to disqualify Norman Cannella from representing Robert Lee Dixon, respondent, on first degree murder and armed robbery charges. We grant certiorari.
In the instant case, the state argues that Mr. Cannella’s signing of the respondent’s indictment for these charges demonstrates substantial involvement alluded to in Endress v. Coe,[1] 433 So.2d 1280 (Fla. 2d DCA 1983), and prohibited by Florida Bar Code of Professional Responsibility Disciplinary Rule 9-101(b). The state also contends that section 905.27(1) and (2), Florida Statutes, *186 regarding disclosure of grand jury proceedings will likely be violated by Mr. Cannella if he represents the respondent.
As to petitioner’s first argument, we find that the signing of respondent’s indictment as legal adviser to the grand jury constitutes the type of participation and investigation and the obtaining of advantage prohibited by Endress.
This finding is further reinforced by petitioner’s second argument that Mr. Cannel-la’s possible presence during the grand jury proceedings may result in the violation of section 905.27, Florida Statutes, in an effort to fully represent respondent.
Accordingly, certiorari is granted, the order denying the state’s motion to disqualify is quashed, and the cause is remanded for further proceedings consistent with this opinion.
HOBSON, A.C.J., and BOARDMAN and DANAHY, JJ., concur.

. In Endress, this court stated:
Absent a showing of participation to any extent in the investigation leading to a criminal charge, or some involvement in the case itself, or some advantage gained that would work to the disadvantage of the state, a former assistant state attorney should not be automatically disqualified from acting as defense counsel for a defendant investigated or charged during the time counsel served as an assistant state attorney.