WENTWORTH, Judge.
Petitioner invokes this court’s certiorari jurisdiction to review an order which declines to disqualify respondent’s counsel from further representation of respondent in the action below. We find that petitioner has failed to demonstrate any departure from the essential requirements of law, and we therefore affirm the order appealed.
Respondent was placed on probation after being convicted for an offense which occurred in 1980, and respondent’s present counsel was the prosecuting attorney in the case. Respondent was subsequently indicted by a federal grand jury for an unrelated offense alleged to have occurred in 1982 and 1983; respondent then retained present counsel (who had entered private practice). A Warrant for Violation of Probation, predicated upon the federal charge, was thereafter filed in Florida, and counsel entered a Notice of Appearance in respondent’s behalf. The state filed a “Motion to Determine the Existence of Conflict,” arguing that counsel should be disqualified since he was the prosecuting attorney for the offense which resulted in the probation alleged to have been violated. After hearing *396 argument of counsel, the court noted that “no actual prejudice has been shown,” and indicated that it would allow counsel to represent respondent. An order denying the state’s “Motion to Disqualify” was subsequently entered.[1]
Respondent’s alleged violation of probation is based upon a factual predicate entirely unrelated to his prior offense, and it has therefore not been shown that counsel had any substantial involvement on behalf of the state in the same action. Likewise, it does not appear that there has been any “advantage gained that would work to the disadvantage of the state,” and petitioner has neither established nor alleged any “actual prejudice.” In these circumstances petitioner has not demonstrated entitlement to disqualification of respondent’s counsel. See Endress v. Coe, 433 So.2d 1280 (Fla. 2d DCA 1983); DeArce v. State, 405 So.2d 283 (Fla. 1st DCA 1981).
The petition for writ of certiorari is denied.
MILLS, J., and McCORD (Ret.), Associate Judge, concur.

. The order also recites that the court conducted an inquiry in accordance with U.S. v. Garcia, 517 F.2d 272 (5th Cir.CA 1975), and determined that respondent “knowingly and voluntarily has waived his Sixth Amendment right to conflict-free counsel.”