PER CURIAM.
Isaac Hicks, the defendant below, petitions for a common law writ of certiorari seeking review of an order disqualifying Michael J. Knowles from representing Hicks. For the reasons which follow, we grant certiorari and quash the order of the trial court.
Hicks is being prosecuted on one count of conspiracy to traffic in cocaine. Hicks was initially represented by Knowles, and William R. Tunkey was subsequently added as co-counsel.[1] One week after Knowles arranged for the surrender of Hicks to the authorities, Knowles was charged with multiple misdemeanor counts of practicing law without a license in violation of section 454.23, Florida Statutes (1983). At least two of the counts involve either Hicks or a corporation or property with which Hicks has some connection. The charges against Knowles do not arise out of, nor have any relationship to, his present representation of Hicks.
In support of its motion to disqualify Knowles, the state alleged that (1) Hicks will be called as a witness against Knowles; (2) in light of this, the continued representation of Hicks creates a conflict of interest; and (3) because of this conflict, Knowles cannot adequately represent Hicks and, furthermore, such continued representation undermines the integrity of the judicial system. At the hearing on the motion, the court applied the two-prong test for disqualification of counsel under Canon 9 as set forth in Woods v. Covington County Bank, 537 F.2d 804, 813, 813 n. 12 (5th Cir.1976)[2] and found:
9. The allegation against Mr. Knowles raises a reasonable possibility that some specifically identifiable impropriety, i.e., unauthorized practice of law involving Hicks, did in fact occur;
10. There is a likelihood of public suspicion, which outweighs the social interest served by allowing Michael J. Knowles’ continued representation of Isaac Hicks.
The court disqualified Knowles despite its determination that Hicks knowingly and intelligently waived any possible conflict and that Hicks’s trial will not be “inherently unfair, so as to deprive the Defendant of effective assistance of counsel.”
Because we conclude, contrary to the trial court, that neither prong of the Woods test is met, we quash the order under review.
The first prong of the Woods test is not met because the impropriety to be avoided must relate to Knowles’s present representation of Hicks and the charges against Knowles do not. The state failed to present evidence of any impropriety relating to the instant action. The state’s reliance upon United States v. Snyder, 707 F.2d 139 (5th Cir.1983), and United States v. Hobson, 672 F.2d 825 (11th Cir.), reh’g en banc denied, 677 F.2d 117 (11th Cir.), cert. denied, 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982), is misplaced. In both of those cases, the alleged impropriety arose out of the disqualified attorney’s in *1047 volvement in the same transaction for which the defendant/client was charged. See also United States v. Garrett, 727 F.2d 1003 (11th Cir.), cert. granted, — U.S. —, 105 S.Ct. 78, 83 L.Ed.2d 27 (1984).
With regard to the second prong of the Woods test, we do not find the likelihood of public suspicion or obloquy outweighs the social interest that will be served by Knowles’s continued participation in this case. While courts have disqualified attorneys under the appearance of evil doctrine even where no evidence of actual wrongdoing was presented, “[it] does not follow that an attorney’s conduct must be governed by standards which can be imputed only to the most cynical members of the public.” Woods, 537 F.2d at 813. A criminal defendant’s right to particular counsel “should be deprived only where such drastic action is necessary to further some overriding social or ethical interest.” Hobson, 672 F.2d at 827-28 (emphasis supplied).
Unlike Garrett, Snyder, and Hobson, where the courts found the defendants’ trials were likely to be tainted by testimony regarding the defense attorneys’ participation in the transactions for which the defendants were charged, the charges against Knowles do not threaten to taint Hicks’s trial. “[W]hen there is no claim that the trial will be tainted, appearance of impropriety is simply too slender a reed on which to rest a disqualification order except in the rarest cases.” Board of Education v. Nyquist, 590 F.2d 1241, 1247 (2d Cir.1979); accord Bottaro v. Hatton Associates, 680 F.2d 895 (2d Cir.1982); Premium Products Sales Corp. v. Chipwich, Inc., 539 F.Supp. 427 (S.D.N.Y.1982). This is especially true in criminal cases where the defendant’s sixth amendment right to counsel is implicated. See generally United States v. Cunningham, 672 F.2d 1064 (2d Cir.1982); United States v. Laura, 607 F.2d 52 (3d Cir.1979), appeal after remand, 667 F.2d 365 (3d Cir.1981); Endress v. Coe, 433 So.2d 1280 (Fla. 2d DCA 1983) (possibility of appearance of impropriety alone not sufficient to disqualify defense counsel who was chief assistant state attorney when defendant’s case arose, but was not involved therein). Public confidence in the integrity of the bar and of the legal system will not be eroded by Knowles’s continued representation of Hicks.
The order of disqualification is accordingly
Quashed.

. While the trial court relied on the fact that Hicks is still represented by counsel of his choice (i.e., Tunkey), we do not find, and, in fact, the state did not argue, that this fact is decisive of the question of whether Knowles was properly disqualified. See United States v. Laura, 607 F.2d 52, 58 (3d Cir.1979); but cf. United States v. Hobson, 672 F.2d 825, 829 n. * (11th Cir.) (court noted, where defendant represented by two attorneys, disqualification of one only partially affects defendant’s right to counsel of choice), reh’g en banc denied, 677 F.2d 117 (11th Cir.), cert. denied, 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982).

. The two-prong test provides that "there must be at least a reasonable possibility that some specifically identifiable impropriety did in fact occur,” Woods, 537 F.2d at 813, and requires that the court find "the likelihood of public suspicion or obloquy outweighs the social interest which will be served by a lawyer’s continued participation in a particular case.” Woods, 537 F.2d at 813 n. 12.