# STATE OF FLORIDA v BROWN
## Case No. 73-6666
Eleventh Judicial Circuit, Dade County

June 1, 1988

## APPEARANCES OF COUNSEL

Assistant State Attorney Waksman, for plaintiff.
Assistant Public Defender Ferrero, for defendant.

## OPINION OF THE COURT

FRED MORENO, Circuit Judge.

THIS CAUSE came before the court on the State's motion to disqualify the office of the Public Defender on the ground that Honorable Joseph Durant is presently employed by the Dade County Public Defender, which has been representing the defendant on post-conviction hearing since 1975. Durant had been the Assistant State Attorney who presented the matter before the Grand Jury in 1973 which resulted in this indictment. The State admits that "it goes without saying that former Circuit Judge Durant is incapable of any impropriety." Therefore the basis for the State's motion is not actual conflict but the appearance of impropriety by violating Rule 4-1.11(a) of the Rules Relating to the Florida Bar (1987) and Disciplinary Rule 9.101(b). The States relies on *State v. Dixon*, 438 So.2d 185 (Fla. 2d DCA 1983), which held that a former Assistant State Attorney, who signed the defendant's indictment as legal advisor to grand jury, was disqualified from representing that defendant.

The Public Defender cites *Freeman v. State*, 503 So.2d 997 (Fla. 3d DCA 1981) which held that it was error to disqualify counsel without first giving the defendant a choice of waiving right to conflict-free representation. In the instant case there is no actual conflict, but the State alleges the right of society to have the appearance of conflict free representation. The other cases cited by defense counsel, *State v. King*, 447 So.2d 395 (Fla. 1st DCA 1984); *Hicks v. State*, 468 So.2d 1045 (Fla. 3d DCA 1985) and *Endress v. Coe*, 433 So.2d 1280 (Fla. 2d DCA 1983) support the position that the State must show any advantage gained by the defense as a result of the alleged impropriety. In this case there is no impropriety as Former Judge Durant is not involved in the representation of the defendant but he is simply an employee of the same office. That mere employment does not require disqualification of the entire governmental office. *State v. Aulls*, 408 So.2d 587 (Fla. 5th DCA 1981); *State v. Fitzpatrick*, 464 So.2d 1185 (Fla. 1985).

However, it must be noted that the cases cited by the defense dealt with privately retained attorneys sought out by the defendant. In the case at bar, the Public Defender was appointed to represent the defendant and he is obviously satisfied with the office which caused the vacation of the death sentence previously imposed. Nevertheless the defendant did not seek out this defense counsel, although one of the present Assistant Public Defenders has been continuously representing the defendant since 1975. Such attorney has assisted the trial lawyer who has been assigned to this case for the last six months.

WHEREFORE, the Court, understanding the State's concern as to

108

the appearance of impropriety, must yield to the defendant's express wish to continue with the Public Defender's Office, which has represented him for the last 13 years. Therefore, the State's motion to disqualify the Public Defender is denied.

DONE and ORDERED this 1st day of June, 1988.