750 So.2d 58 (1999)
Lester ROBINSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 99-00452.
District Court of Appeal of Florida, Second District.
August 20, 1999.
Rehearing Denied October 28, 1999.
*59 Julianne M. Holt, Public Defender, and Theda R. James, Assistant Public Defender, Tampa, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Respondent.
ALTENBERND, Acting Chief Judge.
Lester Robinson seeks certiorari review of a circuit court order denying certiorari review of a nonfinal county court order. His petition for writ of certiorari in the circuit court challenged an order of the county court that disqualified the public defender from representing Mr. Robinson due to conflict. Although we deny the petition because the incomplete record provided by Mr. Robinson to the circuit court made it impossible to determine if the county court departed from the essential requirements of the law, we write to clarify the proper law to be applied in making disqualification decisions and to voice our concern with the way in which the county court apparently handled the matter.
Mr. Robinson was charged with committing trespass and misdemeanor battery against Allison Gunther. The public defender was appointed to represent Mr. Robinson on these charges in August 1998. The following month, the public defender was apparently appointed to represent Ms. Gunther on an unrelated felony violation of probation. On January 4, 1999, approximately one week before Mr. Robinson was set to go to trial on the misdemeanor charges, the state attorney's office advised the county court that the public defender's office had a potential conflict of interest in representing both Mr. Robinson and Ms. Gunther. Mr. Robinson argued that there was no conflict. Mr. Robinson also expressed that he was willing to waive any conflict found by the court. It appears from the record before us that the county court treated the state attorney's assertion as a motion to disqualify the public defender and continued it until January 6, 1999, for further argument. On January 6, 1999, in circuit court, Ms. Gunther admitted the violation of probation and was sentenced. On January 15, 1999, the county court entered an order removing the public defender from Mr. Robinson's case and appointing conflict counsel.
We first note that a defendant in a criminal proceeding has a presumptive *60 right to counsel of his or her choosing under the Sixth Amendment to the United States Constitution. See Wheat v. United States, 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). This presumption can be overcome by a demonstration of an actual conflict or a showing of a serious potential for conflict. See id. A conflict of interest occurs when counsel has a divided loyalty between two clients such that a course of action beneficial to one would be damaging to the other. See Porter v. Wainwright, 805 F.2d 930 (11th Cir.1986). This commonly arises where the subject matter of the two representations is substantially related. See, e.g., United States v. Ross, 33 F.3d 1507 (11th Cir.1994). Where the subject matter of the two representations is completely unrelated, as it apparently is here, it is much less likely that a conflict will develop. Conflict may, of course, arise in unrelated representations where there are privileged communications between the former client and the attorney which would be beneficial to the new client. The attorney rather than the court, however, is generally in the best position to know if this is likely to occur in a particular case.
Turning to Mr. Robinson's case, we note that there is nothing in the record to support a finding of actual conflict or serious potential for conflict. The record reflects that the state attorney advanced two theories of conflict. The first was an apparently unsubstantiated fear that Ms. Gunther would recant her allegation of battery when she testified. While this would have created a conflict if the public defender represented Ms. Gunther at the time of trial, it appears that the public defender's representation of Ms. Gunther had already ended. Moreover, a completely unsubstantiated allegation such as this does not establish a showing of serious potential conflict sufficient to overcome Mr. Robinson's constitutional right to counsel of choice.
In its second theory, the State complained that the prosecutor could not question Ms. Gunther regarding Mr. Robinson's case without obtaining the public defender's permission. The State did not allege that it intended to offer Ms. Gunther any plea bargain on her felony violation of probation in exchange for her testimony against Mr. Robinson or otherwise explain how this situation prejudiced Ms. Gunther or Mr. Robinson or created a conflict for the public defender. Once Ms. Gunther's case was concluded, it is not clear that the State's second theory had any merit.
Unfortunately, as noted above, the record provided to the circuit court was incomplete and severely edited. It contained only four pages from the transcripts of the arguments at two separate hearings. Although the portion of the record made available to the circuit court does suggest that the trial court did not even attempt to apply the correct law,[1] it is impossible to determine this. Neither this court nor the circuit court could determine whether the missing portions of the hearing in fact contained any evidence of actual or potential conflict or any specific findings of conflict made by the court. For that reason we are compelled to deny the petition. We do, however, point out that a criminal defendant has a constitutional right to counsel of choice which cannot be overcome by mere unsubstantiated fears or allegations, and that an order disqualifying a defendant's counsel over his or her objection must generally be supported by specific findings of fact in order to withstand appellate review.
Petition for writ of certiorari denied.
FULMER and DAVIS, JJ., Concur.
NOTES
[1] For example, when Mr. Robinson's counsel attempted to make an argument regarding a case cited by the State, the trial court responded, "Let's all talk lawyers here and forget what cases say and cases don't say."