775 So.2d 404 (2000)
Cornelius PALMER, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D00-2748.
District Court of Appeal of Florida, Fourth District.
December 27, 2000.
Robert C. Buschel of Ferrero, Buschel, Carter, Schwartzreich & Yates, and Alan S. Levine, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven R. Parrish, Assistant Attorney General, Ft. Lauderdale, for respondent.
KLEIN, J.
Petitioner seeks a writ of mandamus because the trial court refused to allow Alan S. Levine to file his notice of appearance as co-counsel in petitioner's case. The trial judge, Judge Barry Goldstein, who was disqualified from sitting on Mr. Levine's cases, made the ruling because he concluded that Mr. Levine was regularly being hired as co-counsel in order to disqualify Judge Goldstein.
Although petitioner seeks a writ of mandamus, asking us to order that the trial court permit Mr. Levine's appearance, we conclude that the proper remedy is a writ of certiorari. Saud v. Arzumanian, 745 So.2d 544 (Fla. 4th DCA 1999) (an order disqualifying a party's counsel is reviewable by certiorari); Wells v. Grau, 744 So.2d 544 (Fla. 4th DCA 1999); Robinson v. State, 750 So.2d 58 (Fla. 2d DCA 1999). We accordingly treat this petition as a petition for certiorari.
In Levine v. State, 650 So.2d 666 (Fla. 4th DCA 1995), this court concluded that an adversarial relationship existed between Mr. Levine and Judge Goldstein, and that Judge Goldstein should have *405 granted Mr. Levine's motion to disqualify because Mr. Levine was warranted in having a well-founded fear that his clients would not receive a fair trial before Judge Goldstein. That decision was approved in 5-H Corp. v. Padovano, 708 So.2d 244 (Fla.1997). As a result, Judge Goldstein does not sit on any of Mr. Levine's cases.
In the present case, when Mr. Levine served his notice of appearance as co-counsel, petitioner at the same time moved to disqualify Judge Goldstein. The state filed a motion objecting to Mr. Levine's appearance, pointing out: (1) that petitioner had been represented by another lawyer, Richard P. Castillo, for at least nine months in this case; (2) that in two other cases in the past year, Mr. Levine came into Mr. Castillo's cases as co-counsel and the cases were transferred to another division; and (3) that Levine had filed notices of appearance as co-counsel sixteen times in the past year in Judge Goldstein's division, each time with a motion to disqualify, but had filed no notices of appearance as co-counsel in any other division. The state contended that Mr. Levine was acting in bad faith and subverting judicial proceedings through forum shopping.
At the hearing held on the state's objection, Mr. Levine acknowledged the possibility that he was being hired to disqualify Judge Goldstein:
This case is assigned randomly to another judge who has the exact same power as you do to do exactly the same exact thing. So I'm not forum shopping. I'm not subverting any judicial process. It's well-known that this Court gives harsher sentences than other courts.
Obviously, the State would like to keep the cases here, just as sure as my clients, who some of them may hire me for the purposes of even getting out of there for a better sentence. But the bottom line, Judge, is I have no control as to where these go or what happens after that. These people hire me and I'm their attorney.
* * *
To say that these people don't have the ability to hire me because I have disqualification over this Court is to say Al Levine can't practice law. You can't do that. They're able to pick their attorney they want, and if the repercussion is it moves out of this division, so be it.
Petitioner relies on Hicks v. State, 468 So.2d 1045 (Fla. 3d DCA 1985), for the proposition that a defendant is presumptively entitled to his choice of counsel. In that case, the trial court disqualified one of the two lawyers representing Hicks on the ground that there was a conflict of interest, and the third district granted Hicks' petition for certiorari. The court applied the test for disqualification enunciated in Woods v. Covington County Bank, 537 F.2d 804, 813 n. 12 (5th Cir.1976), which requires (1) a finding of a reasonable probability that a specifically identifiable impropriety occurred; and (2) a finding that the likelihood of public suspicion outweighs the social interest served by the lawyer's continued participation in the case. Hicks, 468 So.2d at 1046 n. 2.
The state points out that the Sixth Amendment right to counsel is not absolute, citing Wheat v. United States, 486 U.S. 153, 158-59, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988) (trial court's refusal to permit defendant to substitute his counsel for that of codefendant two days before trial, despite waiver of conflict, did not violate defendant's Sixth Amendment rights). Bundy v. State, 455 So.2d 330, 347 (Fla.1984) (there is no absolute right to a particular counsel where there is a "countervailing public interest in the fair and orderly administration of justice") (quoting United States v. Salinas, 618 F.2d 1092, 1093 (5th Cir.1980)); Holley v. State, 484 So.2d 634, 636 (Fla. 1st DCA 1986) (right to particular counsel can be denied if it is being made "for the sake or arbitrary delay or to otherwise subvert judicial proceedings)."
*406 Florida Judicial Administration Rule 2.060(k) provides that additional attorneys may appear in a case "without securing permission of the court," by filing a notice of appearance. Pasco County v. Quail Hollow Props., Inc., 693 So.2d 82 (Fla. 2d DCA 1997). Accordingly, the trial court should have allowed Mr. Levine to file his notice of appearance. A more substantive error occurred when Judge Goldstein, rather than a judge who is not disqualified from hearing Mr. Levine's cases, made the decision that the judicial proceedings were being subverted.
We therefore grant the petition and remand for Mr. Levine to file his notice of appearance and, before petitioner's motion for disqualification is determined by Judge Goldstein, for a judge other than Judge Goldstein to rule on the issues raised by the state. If the court determines that counsel are subverting judicial proceedings, the motion for disqualification of Judge Goldstein should be denied on the ground that disqualification was waived. See Town Centre of Islamorada, Inc. v. Overby, 592 So.2d 774, 776 (Fla. 3d DCA 1992), in which the third district stated:
Ordinarily, a party may not bring an attorney into a case after it has been assigned to a judge, and then move to disqualify the judge on grounds that the judge has a bias against the attorney. See Brown v. Dugger, 547 So.2d 1281 (Fla. 3d DCA 1989) (issue of recusal may be waived); Annotation, Waiver or Loss of Right to Disqualify Judge by Participation in Proceedings, 24 A.L.R.4th 870 (1983).
STONE and HAZOURI, JJ., concur.