890 So.2d 1246 (2005)
Teena HERSCHOWSKY, Petitioner,
v.
The GUARDIANSHIP OF Julius HERSCHOWSKY, Ward, Respondent.
No. 4D04-2309.
District Court of Appeal of Florida, Fourth District.
January 19, 2005.
*1247 John P. Fenner, Boca Raton, for petitioner.
Susan M. King of the Law Offices of Susan M. King, P.A., Boca Raton, for respondent ElderCare Connections of Florida, Inc., as the Plenary Guardian of the Person and Property of Julius Herschowsky.
Richard G. Bartmon of the Law Offices of Bartmon & Bartmon, P.A., Boca Raton, for respondent Erica Levine, the granddaughter of the Ward, Julius Herschowsky.
PER CURIAM.
Petitioner Teena Herschowsky seeks certiorari review of a Broward County circuit court order which granted Erica Levine and Norman Herschowsky's motion to disqualify petitioner's counsel, Attorney John Fenner. We grant this petition and quash the order of disqualification.
Petitioner is the daughter of Julius Herschowsky, the ward in a guardianship proceeding in Broward County circuit court. Attorney Fenner represents petitioner insofar as she seeks to locate additional assets belonging to the ward and other related matters. Erica Levine, granddaughter of the ward, filed, as an interested person, a motion to disqualify Attorney Fenner. The trial court heard argument on the motion and announced at its conclusion that Fenner's appearance was unnecessary, unwarranted and "certainly not in the best interest of the ward." In a written order of disqualification which followed, the court stated that it was granting Levine's motion because Fenner had previously represented the ward and prepared the ward's durable power of attorney and last will and testament.
Certiorari lies to review a trial court order granting a motion to disqualify counsel. The movant must demonstrate a departure from the essential requirements of law resulting in irreparable harm. See Larkin v. Pirthauer, 700 So.2d 182 (Fla. 4th DCA 1997).
It is well settled that disqualification, contrary to the wishes of counsel and client, should be resorted to rarely. See Arcara v. Philip M. Warren, P.A., 574 So.2d 325 (Fla. 4th DCA 1991). The trial court has discretion in ruling on a motion to disqualify counsel. The movant seeking disqualification must prove the necessity for this remedy. See Swensen's Ice Cream Co. v. Voto, Inc., 652 So.2d 961 (Fla. 4th DCA 1995).
Petitioner has demonstrated an abuse of the trial court's discretion in this case, which rises to the level of a departure from the essential requirements of law. By suggesting at the hearing a "best interests" analysis, the probate judge in this case focused on the wrong legal standard.
Application of Rule 4-1.9 of the Rules Regulating the Florida Bar, governing *1248 conflict of interest, revealed the absence of a conflict of interest with Attorney Fenner. Respondent Erica Levine failed to demonstrate that Fenner was representing petitioner in a matter adverse to the interests of his former client, the ward. Indeed, the probate judge conceded at the hearing on the motion to disqualify that there was no conflict of interest in this case.
The written order granting disqualification did find that Fenner had previously represented the ward, but failed to find that his representation in the subsequent proceedings was on matters adverse to the ward's interests. Prior representation alone does not create a conflict of interest.
Petitioner has demonstrated a departure from the essential requirements of law causing material harm which cannot be remedied on appeal. Accordingly, the petition is granted and the order quashed.
STEVENSON, GROSS and MAY, JJ., concur.