916 So.2d 971 (2005)
FRANK, WEINBERG & BLACK, P.A., f/k/a Frank, Effman, Weinberg & Black, P.A., and Frank, Weinberg & Black, P.L., Petitioners,
v.
Steven W. EFFMAN, Respondent.
No. 4D05-2507.
District Court of Appeal of Florida, Fourth District.
December 14, 2005.
*972 Nancy W. Gregoire and D. David Keller of Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., Fort Lauderdale, for petitioners.
Samantha Tesser Haimo and Jeffrey A. Backman of Adorno & Yoss, LLP, Fort Lauderdale, for respondent.
PER CURIAM.
The defendant in the circuit court, Frank, Weinberg & Black, P.A. (the "law firm"), petitions for a writ of certiorari to quash a trial court order denying its motion to disqualify Jan Douglas Atlas and Adorno & Yoss, LLP as counsel for Steven Effman, the plaintiff below.
Effman is a former shareholder in the law firm. In 2003, he sued the law firm seeking an accounting and redemption of his ownership interest pursuant to a shareholders' agreement. Atlas also represents Effman in litigation with former female clients who accused him of improper conduct; that same conduct is the subject of equitable affirmative defenses raised by the law firm in Effman's suit against the firm for the proper valuation of his stock.
In 1991, Atlas represented the law firm in an action the firm brought against a departing shareholder, Lawrence Flaster, to recover fees Flaster received from clients.
Certiorari lies when there is a departure from the essential requirements *973 of law which will materially injure the petitioner throughout the remainder of the proceedings which cannot be remedied adequately on appeal. See Bared & Co. v. McGuire, 670 So.2d 153, 156 (Fla. 4th DCA 1996). In the context of a certiorari proceeding, "[i]t bears repeating that the disqualification of a party's lawyer in a civil case is an immensely unusual remedy, one that must be employed only in limited circumstances." Allstate Ins. Co. v. Bowne, 817 So.2d 994, 998 (Fla. 4th DCA 2002) (internal citations omitted); see Singer Island Ltd., Inc. v. Budget Constr. Co., Inc., 714 So.2d 651, 652 (Fla. 4th DCA 1998) (where court wrote that "[d]isqualification of a party's chosen counsel is an extraordinary remedy and should only be resorted to sparingly.").
Rule 4-1.9 of the Rules Regulating the Florida Bar provides that a "lawyer who has formerly represented a client in a matter shall not thereafter . . . represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation." See Anderson Trucking Serv., Inc. v. Gibson, 884 So.2d 1046 (Fla. 5th DCA 2004).
The trial court did not depart from the essential requirements of law in ruling that the 1991 and 2003 suits were not "substantially related" within the meaning of the rule. The lawsuits involve entirely different facts, even though the underlying document governing the relationship is the same. One rationale for rule 4-1.9's protection of client confidences is that the "legal system cannot function fairly and effectively if an attorney has an informational advantage in the form of confidences gained during a former representation of his client's current opponent." State Farm Mut. Auto. Ins. Co. v. K.A.W., 575 So.2d 630, 632 (Fla.1991). Here there is no danger of dissemination of confidential information, because Effman himself was a party to the prior litigation where he was represented by Atlas. As a former shareholder in the firm, Effman is already familiar with the law firm's thinking and strategy concerning disputes with former partners.
Accordingly, we deny the petition for writ of certiorari.
WARNER, KLEIN, and GROSS, JJ., concur.