KLEIN, J.
Petitioners, who are all represented by the same counsel, Michael Gottlieb, seek a writ of prohibition to disqualify the trial judge. We have previously granted petitions to disqualify the same judge, because of her acrimonious relationship -with Gott-lieb when she was an assistant state-wide prosecutor. Walls v. State, 910 So.2d 432 (Fla. 4th DCA 2005), and Suppa v. State, 913 So.2d 1203 (Fla. 4th DCA 2005).
We deny the petitions in Pendelton and Whyte because they were untimely. Florida Rule of Judicial Administration 2.160(e) requires that a motion to disqualify a trial judge be filed no later than ten days after discovery of the facts constituting grounds for the motion. Where, as in this case, the reason for disqualification is because of the prior relationship of the lawyer to the judge which has resulted in previous disqualification, we conclude that the motion to disqualify must be filed within ten days of the lawyer being retained in a case which has already been assigned that particular judge. If we were to hold, as the petitioner suggests, that the ten days should run from the time the client has knowledge of the relationship of the lawyer to the judge, it would allow the lawyer to control when the case would be reassigned to a different judge. That could result in forum shopping. We deny these petitions because they were not timely from when Gottlieb was retained.
We deny the petition in Oquendo, who had more than one case pending, because in one of the cases the motion to disqualify was untimely. In the other, Gottlieb was substituted for prior counsel after pleas of guilty. Palmer v. State, 775 So.2d 404 (Fla. 4th DCA 2000) (a party may not bring a lawyer into a case which has already been assigned to a judge, and then obtain disqualification on the ground that the judge has a known prior bias against the lawyer).
Petitions denied.
SHAHOOD and GROSS, JJ., concur.