WARNER, J.
 

 The state petitions for a writ of certiora-ri to review the trial court’s order denying disqualification of defendant’s attorney, Teresa Williams, a former assistant statewide prosecutor in Broward County. It claims that the attorney was in charge of the investigative unit of the statewide prosecutor’s office from which defendant’s prosecution arose. Ms. Williams left her position four years prior to the institution of the charges in this case. We deny the petition.
 

 While the state claims that Ms. Williams had substantial participation in this case as a prosecutor, at an evidentiary hearing on the issue, the trial court found that she did not. Competent substantial evidence supports the trial court’s finding. The task force in which Ms. Williams was involved targeted hundreds of individuals. Ms. Williams had limited involvement as a prosecutor regarding a co-defendant’s bond hearing in another case; names of some witnesses in the current case appeared in notes she took during staff meetings, but with no information related to the present cases; she represented the state at a hearing when two witnesses entered pleas; and she sat in for another prosecutor at a meeting with law enforcement regarding a co-defendant who could be
 
 *203
 
 come a state witness. The state suggests that it is clear she has an actual or potential conflict because her employment with the task force gave her insight on the state’s strategy and position. However, during the hearing, at a private sidebar discussion between the state and the court without Ms. Williams present, the state did not point to any specific strategic insight or confidential information she would have.
 

 To grant a writ of certiorari to quash a non-final order, the petitioner must show: (1) the order departed from the essential requirements of law; (2) the order will cause material injury; (3) and the injury must be irreparable, i.e., one for which there will be no adequate remedy after final judgment.
 
 Am. Express Travel Related Servs., Inc. v. Cruz,
 
 761 So.2d 1206, 1208 (Fla. 4th DCA 2000) (citing
 
 Martin-Johnson, Inc. v. Savage,
 
 509 So.2d 1097 (Fla.1987) and
 
 Bared & Co., Inc. v. McGuire,
 
 670 So.2d 153 (Fla. 4th DCA 1996) (en banc)).
 

 The denial of a motion to disqualify counsel may be reviewed in a petition for writ of certiorari.
 
 See Frank, Weinberg & Black, P.A. v. Effman,
 
 916 So.2d 971 (Fla. 4th DCA 2005);
 
 Sultan v. Earing-Doud,
 
 852 So.2d 313 (Fla. 4th DCA 2003);
 
 Matluck v. Matluck,
 
 825 So.2d 1071, 1072 (Fla. 4th DCA 2002). The party seeking disqualification of counsel has the burden of proving that disqualification is necessary.
 
 Herschowsky v. Guardianship of Herschowsky,
 
 890 So.2d 1246, 1247 (Fla. 4th DCA 2005).
 

 Although the state has cited civil cases supporting its contention that disqualification is necessary, the test for disqualification of counsel in a civil case does not apply in a criminal case where the defendant’s Sixth Amendment rights are involved.
 
 See Freeman v. State,
 
 503 So.2d 997, 998 (Fla. 3d DCA 1987);
 
 see also Endress v. Coe,
 
 433 So.2d 1280, 1281 (Fla. 2d DCA 1983) (observing “the test to disqualify defense counsel in a criminal proceeding will not always be the same as the test that may disqualify counsel in a civil proceeding”).
 

 The Sixth Amendment right to counsel includes a criminal defendant’s right to secure counsel of his own choice.
 
 Powell v. Alabama,
 
 287 U.S. 45, 53, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Although there is a presumption in favor of the defendant’s choice of counsel, the presumption may be overcome if the there is a showing of an actual conflict or “serious potential for conflict.”
 
 Wheat v. United States,
 
 486 U.S. 153, 164, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988);
 
 see also United States v. Ross,
 
 33 F.3d 1507, 1522-23 (11th Cir.1994). In moving for disqualification of counsel, the state has the burden of overcoming this presumption.
 
 See State v. Ehlers,
 
 262 Neb. 247, 631 N.W.2d 471, 481 (2001) (concluding the trial court erred in applying presumptions in favor of disqualification that apply in civil cases to disqualification of chosen counsel in a criminal case and concluding the burden of proof should be on the state).
 

 The Ninth Circuit Court of Appeals has addressed the necessity of disqualification in circumstances quite similar to the present case. Like this case,
 
 United States v. Washington,
 
 797 F.2d 1461 (9th Cir.1986), involved former government lawyers representing a criminal defendant. In
 
 Washington,
 
 the Ninth Circuit concluded the trial court erred in disqualifying the defendant’s chosen attorneys who previously worked for a Justice Department “strike force” based on a mere appearance of impropriety. In finding the trial court did not give proper deference to the defendant’s choice of counsel, the court reasoned:
 

 
 *204
 
 We have grave doubts whether an appearance of impropriety would ever create a sufficiently serious threat to public confidence in the integrity of the judicial process to justify overriding Sixth Amendment rights. It is easy to express vague concerns about public confidence in the integrity of the judicial process. It is quite a different matter to demonstrate that public confidence-will in fact be undermined if criminal defendants are permitted to retain lawyers who worked for the government in the field of law implicated by an indictment. We are unwilling to sacrifice a defendant’s Sixth Amendment right to counsel of his choice on such an unsubstantiated premise. Indeed, for all we as judges know in a vacuum, the public very well may have greater confidence in the integrity of the judicial process assured that a criminal defendant’s right to counsel of his choice will not be lightly denied.
 

 Id.
 
 at 1466. The court remanded for an evidentiary hearing to determine whether, as a result of their work with the strike force, the attorneys had received confidential information which was material to the government’s case and would give the defense an advantage.
 
 See also Robinson v. State,
 
 750 So.2d 58, 60 (Fla. 2d DCA 1999) (noting that “a criminal defendant has a constitutional right to counsel of choice which cannot be overcome by mere unsubstantiated fears or allegations, and that an order disqualifying a defendant’s counsel over his or her objection must generally be supported by specific findings of fact in order to withstand appellate review”). As noted above, the trial court conducted an evidentiary hearing and determined that Ms. Williams had not obtained confidential information nor had the state proved that her work with the government four years earlier would provide her with an advantage in this case.
 

 The state relies on cases such as
 
 United States v. Brothers,
 
 856 F.Supp. 370 (M.D.Tenn.1992), and
 
 State v. Medina,
 
 201 N.J.Super. 565, 493 A.2d 623 (1985). In each of those cases, however, a former prosecutor was properly disqualified from defending a criminal ease where the attorney, while working as a prosecutor, had learned of confidential information or evidence critical to the current prosecution. In
 
 Medina,
 
 for example, the court affirmed the disqualification of the defense attorney who, as a prosecutor, had learned of information bearing on a crucial element of the case against his client. In this case, the state was not able to prove to the trial court’s satisfaction such specific knowledge or involvement in defendant’s case by Ms. Williams.
 

 The state has not shown that the trial court applied the wrong law or otherwise departed from the essential requirements of law. The petition for writ of certiorari is denied.
 

 DAMOORGIAN and GERBER, JJ., concur.