DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BROWARD BEHAVIORAL HEALTH COALITION, INC.,**
Petitioner,

v.

**MERTILEINE GENESTANT,**
Respondent.

No. 4D18-674

[October 10, 2018]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ari Abraham Porth, Judge; L.T. Case No. 14-015698 CF10A.

Julie F. Klahr and Michael D. Cirullo, Jr. of Goren, Cherof, Doody & Ezrol, P.A., Fort Lauderdale, for petitioner.

Howard Finkelstein, Public Defender, and Sarah Sandler, Assistant Public Defender, Fort Lauderdale, for respondent.

PER CURIAM.

Broward Behavioral Health Coalition, Inc. ("BBHC") seeks certiorari review of an order placing Mertileine Genestant, a criminal defendant, in the custody of BBHC's contracted network provider, Broward Regional Health Planning Counsel, Inc. ("the provider"), for competency restoration services pursuant to section 916.12, Florida Statutes (2017). We grant the petition because the trial court failed to comply with the statute's procedural requirements, causing BBHC to suffer irreparable harm, for which there is no remedy on appeal.

**Background**

On December 17, 2014, Genestant was charged by information with (I) child neglect; (II) resisting an officer without violence; and (III) failure to obey a lawful order of a law enforcement officer.

On July 24, 2015, pursuant to a psychiatrist's report, the trial court found Genestant incompetent to stand trial. The trial judge initially

indicated in his order that Genestant was intellectually disabled, but subsequently crossed that out and wrote "other." The court ordered Genestant to undergo restorative training in her native language, Creole, with the Agency for Persons with Disabilities ("APD").

At a December 2017 hearing, the trial court found that APD was not equipped to meet Genestant's needs because its only Creole interpreter was not properly trained and had recently gone on maternity leave. During the hearing, the court called a representative of the provider and confirmed that the provider had Creole-speaking trainers. Hoping that Genestant would receive more competent restorative training, the court ordered that she be treated by the provider.

A report from the provider indicated that Genestant did not have a mental health diagnosis. The provider's assessment was that Genestant was of below average intellectual capacity and that her cultural background and level of education left her without adequate knowledge and understanding to participate in court.

At a February 2018 hearing on Genestant's placement, the court found that, despite the provider being unequipped to train Genestant, its Creole-speaking staff was more appropriate for her than ADP, whose only Creole-speaking trainer was still on maternity leave and had previously been found unable to train Genestant. The trial court ordered BBHC to provide competency restoration services to Genestant. BBHC has petitioned for review of the trial court's orders.

## Analysis

"To grant a writ of certiorari to quash a non-final order, the petitioner must show: (1) the order departed from the essential requirements of law; (2) the order will cause material injury; (3) and the injury must be irreparable . . . ." *State v. De La Osa,* 28 So. 3d 201, 203 (Fla. 4th DCA 2010).

Certiorari review is appropriate when a trial court disregards statutory requirements and commits a defendant to DCF custody. *See Dep't of Children & Families v. Bronson,* 79 So. 3d 199, 201-02 (Fla. 5th DCA 2012) (granting certiorari review where a trial court ordered DCF to care for a defendant without following the statutory procedure).

As a managing entity for DCF, BBHC provides mental health and substance abuse treatment pursuant to section 394.9082, Florida Statutes (2017). To be eligible for mental health services, a person must

have "severe and persistent mental illness, as designated by [DCF] using criteria that include severity of diagnosis, duration of the mental illness, ability to independently perform activities of daily living, and receipt of disability income for a psychiatric condition." § 394.674(1)(a)1., Fla. Stat. (2017).

Genestant was never diagnosed with a mental illness. Notably, the trial court did not indicate that she had a mental illness. At the December 2017 hearing, a psychologist opined that Genestant was not mentally ill and that her competency could be restored.

At the February 2018 hearing, the provider's counsel reiterated that Genestant was never diagnosed with a mental illness and that it was not equipped to restore her competency. Despite Genestant never being declared mentally ill, the trial court ordered DCF, through the provider, to continue training her.

Considering that all parties agreed that Genestant was never diagnosed with a mental illness and the court never found that she was mentally ill, the trial court's order that the provider continue training Genestant was a departure from the essential requirements of law that irreparably harmed and caused material injury to BBHC by forcing it to expend funds for rehabilitation that was outside of its statutory mandate.

## Conclusion

As we agree with BBHC that the trial court acted without statutory authority in requiring it to treat Genestant, we grant the provider's petition, quash the trial court's order, and remand for further proceedings consistent with this opinion.

*Petition Granted; Order Quashed; Case Remanded.*

WARNER, TAYLOR and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3