PER CURIAM.
This interlocutory appeal is from an order denying attorney’s fees.
Appellee herein, General Electric Credit Corporation, on April 24, 1974 instituted an action for foreclosure of its second mortgage on an apartment complex which is located in Dade County, Florida, known as Fairview Villas. On April 30, 1974, by court order, Creative Property Management, Inc., appellant herein, was appointed to manage the subject property. However, this order was silent as to whether appel *808 lant was authorized to retain counsel. On May 4, 1974 appellee took possession and control of the complex and retained and utilized counsel during the pendency of the foreclosure proceedings to advise it on the nature of its duties and responsibilities as manager. In July 1974, through the aid of its counsel, appellant filed an application for instructions in the circuit court. After hearing argument of counsel thereon, the court entered an order which clarified the duties of the appellant. Subsequently, a final judgment of foreclosure was entered and a public sale of the property was held. Thereupon, General Electric Credit Corporation filed a motion to discharge Creative Property Management, Inc. from its management duties. Creative Property Management then filed a petition praying for an order awarding its attorney a reasonable fee for the services he rendered and reimbursing him for the expenses he advanced on behalf of Creative Property Management, Inc. in its capacity as manager of the subject property. After a hearing thereon, the court denied the motion for attorney’s fees and this interlocutory appeal followed. We reverse.
Although the better practice would be for the receiver to obtain approval of the court prior to the engaging of counsel and rendition of services by him; nevertheless, if legal services are required and benefit the estate, a receiver may be allowed a reasonable sum for legal fees even when he did not obtain prior court approval for retaining such services. Lewis v. Gramil Corp., Fla.1957, 94 So.2d 174; In Re Fredcris, Incorporated, Fla.App.1959, 108 So.2d 901.
In the case at bar, when the appellant through its counsel petitioned the court to clarify its management duties and responsibilities and the court, after granting a hearing on the petition, entered such an order, it is clear that the subject property benefited by 'these services rendered by appellant’s attorney. In addition, we find that in hearing the petition filed by appellant’s attorney and entering an order thereon, the trial court impliedly granted approval of appellant’s retention of counsel., to aid in the management of the apartment complex.
Accordingly, the order with respect to the denial of attorney’s fees herein appealed is reversed and the cause remanded to the trial court with directions to grant appellant a reasonable attorney’s fee based upon the evidence presented at the hearing therefor.
Reversed and remanded with directions.
HENDRY, J., dissents.