COBB, Judge.
The trial court dismissed the plaintiff’s case with prejudice for violation of a court order, dated July 2, 1985, which required the plaintiff to obtain an attorney, notice for hearing a defense motion to dismiss, and serve said notice at least seven days prior to a hearing scheduled on August 22, 1985. This order is unreasonable. A defendant (or the court) can notice outstanding defense motions without requiring the plaintiff to do it.
Additionally, a civil claimant is not required, barring extraordinary circumstances, to be represented by counsel. Unless a case is presented which shows that a litigant has abused his pro se right of access to the court system so as to interfere with the effective administration of justice, a court cannot prevent a litigant in a civil matter from appearing on his own behalf. See Ray v. Williams, 55 Fla. 723, 46 So. 158 (1908); Platel v. Maguire, Voorhis & Wells, P.A., 436 So.2d 303 (Fla. 5th DCA) rev. denied, 437 So.2d 677 (Fla.1983); Shotkin v. Cohen, 163 So.2d 330 (Fla. 3d DCA 1964). For this reason, the lower court order which required the litigant to be represented by counsel in order to proceed with his case was invalid. Thus, the dismissal based upon violation of this order was erroneous.
REVERSED.
DAUKSCH and ORFINGER, JJ., concur.