513 So.2d 255 (1987)
James R. TANNER and Phyllis K. Tanner, His Wife, Appellants,
v.
Clifford C. LEDINGTON, and Janet R. Ledington, His Wife, Appellees.
No. 86-2504.
District Court of Appeal of Florida, Second District.
October 2, 1987.
James R. Tanner, Lakeland, pro se.
James P. Hahn of Hahn, Breathitt & Watson, P.A., Lakeland, for appellee Merita Holt.
FRANK, Judge.
This is an appeal from the trial court's order awarding Merita Holt, a receiver appointed during the course of a lawsuit to manage real property, a reasonable fee for her services, reimbursement for expenses incurred in making necessary repairs to the property and attorney's fees and costs. We reverse the award of attorney's fees and costs but affirm the order in all other respects.
*256 On August 14, 1984, the Tanners sold their residence in Lakeland, Florida to the Ledingtons under an agreement for deed subject to a mortgage in favor of First Family Mortgage Corporation, an Illinois corporation. The Ledingtons defaulted under the agreement and abandoned the subject property. The Tanners were contractually entitled to reenter and assume possession of the property. Subsequently, the Ledingtons brought an action for rescission to which the Tanners counterclaimed for damages and foreclosure.[*] The Tanners sought and procured the appointment of Holt to act as the receiver during the pendency of the Ledington-Tanner litigation in order to insure protection and maintenance of the property. During the receivership, the Tanners' property sustained losses which they attributed to Holt's deficient management. Thus, the Tanners moved the trial court for leave to sue Holt for injury to the property sustained during her tenure. The court granted the Tanners' motion and Holt retained counsel to represent her individually in defending against the Tanners' action. After a non-jury trial, the trial court entered an order awarding Holt $810 for services rendered as the receiver and $702.33 as reimbursement for repairs made to the Tanners' property. The order also granted attorney's fees and costs to Holt.
We have considered each of the several points urged on appeal by the Tanners; we find only one point meritorious. The Tanners correctly dispute the trial court's award to Holt of attorney's fees and costs incurred in defending against their action for negligence and breach of fiduciary duty.
A receiver is generally entitled to compensation from the estate for legal services rendered in protecting the estate. Creative Property Management, Inc. v. General Electric Credit Corp. of Georgia, 314 So.2d 807 (Fla. 3rd DCA 1975). Here, however, Holt incurred fees and costs in defending her own actions as the receiver. Any benefit derived from the legal services performed at Holt's behest accrued to her individually and not to the estate. Hence, the trial court was without authority to enter an award of attorney's fees and costs to Holt. Sundale Associates, Ltd. v. Moore, 481 So.2d 1300 (Fla. 3rd DCA 1986).
Accordingly, we reverse and vacate the award of attorney's fees and costs to Holt. The judgment is otherwise affirmed.
CAMPBELL, A.C.J., and BOARDMAN, EDWARD F. (Ret.), J., concur.
NOTES
[*] The Tanners and the Ledingtons entered into a stipulation dismissing the Ledingtons' complaint and the Tanners' counterclaim for foreclosure. The Ledingtons further agreed in the stipulation to convey the real estate to the Tanners, and relinquished any right they had to an accounting from the receiver and any interest in the rental proceeds generated during the pendency of litigation.