LEHAN, Judge.
We affirm the dismissal for lack of prosecution of this suit brought against Edward G. Hodges and Hodges Funeral Chapel, Inc. There had been no record activity in furtherance of the suit within one year prior to the filing of those defendants’ motion to dismiss for lack of prosecution. See Carter v. DeCarion, 400 So.2d 521, 522 (Fla. 3d DCA 1981), review denied, 412 So.2d 464 (Fla.1982). No showing that good cause existed for the lack of prosecution was made in accordance with Florida Rule of Civil Procedure 1.420(e). See Koppers Co. v. Victoire Development Corp., 284 So.2d 193 (Fla.1973).
That those defendants were misnamed and that plaintiffs motion to amend by interlineation to correct their names to Earl G. Hodges and Earl G. Hodges Funeral Chapel, Inc. was not filed until after those defendants’ motion to dismiss was filed does not mean that they had no standing to file the motion. See RHPC, Inc. v. Gardner, 533 So.2d 312, 314 (Fla. 2d DCA 1988). Whether or not technically the motion was filed by parties to the suit, Fla.R. Civ.P. 1.420(e) authorizes the filing by “any interested person, whether a party to the action or not.”
The suit was also brought against John Vasquez and James Williams. The trial court ruled, and plaintiff does not dispute on appeal, that the dismissal as to Edward G. Hodges and Hodges Funeral Chapel, Inc. effectively dismissed the entire case and rendered moot the Vasquez and Williams motions to dismiss.
Affirmed.
RYDER, A.C.J., and PARKER, J„ concur.