693 So.2d 82 (1997)
PASCO COUNTY, a political subdivision of the State of Florida, Appellant,
v.
QUAIL HOLLOW PROPERTIES, INC., a Florida corporation; Mario J. Manetti; American Plasti-Craft, Inc.; M/N Co.; Fred P. Manetti; Copeland D. Newbern; John K. Shepard; Peter S. Skemp; Estate of Alan Jones; and Sun Bank of Tampa Bay, Trustee, Appellees.
No. 96-02448.
District Court of Appeal of Florida, Second District.
May 2, 1997.
Peter Wansboro, Assistant County Attorney, New Port Richey, for Appellant.
Timothy G. Hayes of Hayes & Associates, P.A., Lutz, for Appellees Copeland D. Newbern, John K. Shepard and Peter S. Skemp.
Steven M. Larimore of Holland & Knight, Tampa, for Appellee Sun Bank of Tampa Bay.
Robert D. Sumner of Robert D. Sumner, P.A., for Appellees Quail Hollow Properties, Inc., Mario J. Manetti, American Plasti-Craft, Inc., M/N Co., and Fred P. Manetti.
No appearance for Appellee Estate of Alan Jones.
DANAHY, Acting Chief Judge.
Pasco County appeals from a final order of dismissal based on failure to prosecute. Because the trial court misperceived the effect of the motion to dismiss, filed by an attorney who had not made an appearance in the case by proper notice, the dismissal was error. We reverse.
On August 16, 1993, Pasco County filed a second amended complaint for injunction to force paving of a road in a subdivision in which the appellees all had an interest. The County claimed the appellees, all defendants in the trial court, had failed to adhere to a previous settlement agreement part of which included the paving of the road. On October 15, 1993, defendants John K. Shepard and Peter S. Skemp filed a motion to dismiss for failure to state a cause of action against them, and defendant Copeland D. Newbern filed a motion to dismiss or in the alternative *83 a motion for more definite statement. Messrs. Shepard, Skemp and Newbern were all represented by attorney Jerome G. Schrader at this time. Various other pleadings were subsequently filed before January 4, 1994, when the trial court denied a motion by Mr. Newbern to strike the County's response to a defense request for admissions and a notice of hearing on same. On January 14, 1994 the Estate of Alan Jones was substituted as a party defendant for Alan Jones. There was no further record activity for over twenty-five months.
On February 20, 1996, at 10:37 a.m., attorney Gregory J. Orcutt, who was not affiliated with attorney Jerome G. Schrader, filed, on behalf of Messrs. Shepard, Skemp, and Newbern, a motion to dismiss for failure to prosecute, pursuant to Florida Rule of Civil Procedure 1.420(e). On this same date, but at 2:36 p.m., the County filed a notice of hearing on defendant Newbern's October 15, 1993, motion scheduling the hearing for March 18, 1996, at 9:30 a.m. On February 26, 1996, attorney Orcutt (1) filed a notice of appearance as co-counsel for defendants Shepard, Skemp, and Newbern; (2) refiled the February 20 motion to dismiss;[1] and (3) filed a notice of hearing on the motion to dismiss also scheduled for March 18, 1996, at 9:30 a.m. At the March 18 hearing the trial court heard argument and granted the motion to dismiss. After the order dismissing the case was filed, the County filed an amended motion for rehearing that was heard on May 14, 1996. The trial court denied the amended motion for rehearing and the County timely commenced this appeal.
Although the record clearly shows a lack of record activity for over twenty-five months at the time attorney Orcutt filed the motion to dismiss on February 20 and although the County did not show good cause why the case should not have been dismissed at either the March 18 or May 15 hearing, we conclude that the motion to dismiss filed by attorney Orcutt on February 20 was a nullity.
We find persuasive the reasoning employed by the First District Court of Appeal in Bortz v. Bortz, 675 So.2d 622 (Fla. 1st DCA 1996). In Bortz, a dissolution action, the First District found that the wife's motion for rehearing, filed by an attorney on her behalf who had not appeared in the cause theretofore, was a nullity and thus could not be considered by the trial court so as to allow the trial court to rehear the case or file an amended order. No motion had been filed requesting that the new attorney be permitted to replace the wife's prior attorney. The First District based its conclusion on Florida Rule of Judicial Administration 2.060(h), entitled "Substitution of Attorneys." Subsection (h) provides, inter alia, that attorneys for a party may be substituted at any time by order of the court, that no substitute attorney may appear without a court order, that the client be notified in writing of the substitution, and that the client's written consent be filed with the court.
The reasons for requiring substitute attorneys to be officially recognized by the court and client are clear. The court must be able to rely on representations of attorneys because such representations bind the client. Initial pleadings of the various attorneys who are present at the beginning of a suit, signed in accordance with subsection (d) of rule 2.060, have the effect of notifying the court of that client's participation and his or her attorney's "appearance" in the suit. See Picchi v. Barnett Bank of South Florida, N.A., 521 So.2d 1090 (Fla.1988) (citing with approval Trawick's Florida Practice & Procedure § 8-1, Definitions (1985)). Notices of appearance for attorneys who come upon the scene at later dates have a similar effect on the court and other parties. The court and parties must know with whom they must deal.
So, too, does this reasoning apply in the case before us notwithstanding the fact that attorney Orcutt was not a "substitute" attorney *84 but an "additional" attorney. Appearances of additional attorneys are governed by subsection (j) of rule 2.060 which provides:
(j) Addition of Attorneys. After a proceeding has been filed in a court, additional attorneys may appear without securing permission of the court. All additional attorneys so appearing shall file a notice of appearance with the court and shall serve a copy of the notice of appearance on all parties in the proceeding.
It is the notice of appearance of an "additional attorney" in accordance with the rule which grants the additional attorney official recognition in the eyes of the court and the other parties. The notice of appearance is notice to all that he or she acts on the client's behalf and has authority to bind the client. Clearly, the requirement that the client's consent be obtained and placed on the record, an integral part of subsection (h) but totally lacking in subsection (j), is not needed when an additional attorney appears because the initial attorney of record is still in the case and can be counted on to alert the court if there is any impropriety in the addition of the new attorney. Just as clearly, this is why additional attorneys do not need permission of the court to appear; the client's interests are still protected. The additional attorney does, however, need, at the least, a notice of appearance filed with the court and served on the other parties so that the additional attorney may be properly "of record."
We thus construe Florida Rule of Judicial Administration 2.060(j) as requiring a notice of appearance to be filed before or contemporaneously with the initial pleading that the additional attorney files. Cf. Fla.R.Jud.Admin. 2.060(b) (if a foreign attorney wishes to practice before a Florida court pro hac vice, attorney must submit a motion for permission to do so with or before the attorney's initial personal appearance, paper, motion or pleading); see also, Huff v. State, 569 So.2d 1247 (Fla.1990) (when foreign attorney files motion to admit pro hac vice along with motion for postconviction relief, trial court should have first ruled on motion to admit pro hac vice before considering motion for postconviction relief and denying it because it was filed by an attorney not admitted to practice in Florida). The motion to dismiss that attorney Orcutt filed on February 20, 1996, a date when he had not yet filed a notice of appearance, was, therefore, a nullity. It was his motion to dismiss filed on February 26, 1996, filed contemporaneously with his notice of appearance as an additional attorney, that was operative. Since there was sufficient record activity within the year preceding the February 26 motion to dismiss, in the form of the County's February 20 notice of hearing on a pending motion, the trial court erred in dismissing the action.
We also find the defendants' cited case of Rosa v. Hodges, 559 So.2d 1289 (Fla. 2d DCA 1990), distinguishable. Attorney Orcutt does not qualify as "any interested person" who may move to dismiss under Rosa v. Hodges or under RHPC, Inc., v. Gardner, 533 So.2d 312 (Fla. 2d DCA 1988).
We reverse the order of dismissal and remand for further proceedings.
BLUE and FULMER, JJ., concur.
NOTES
[1] At the subsequent hearing, attorney Orcutt explained that he refiled the motion to dismiss because he had inadvertently omitted service of the February 20 motion to co-counsel and counsel for the other defendants. The February 26 version of the motion to dismiss is exactly the same as the previous motion except for the word "amended" typed in above the subtitle "CERTIFICATE OF SERVICE" and the addition of the other attorneys' names and addresses within the Certificate of Service.