715 So.2d 304 (1998)
Stanley E. HICKS, Appellant,
v.
Janet S. HICKS, Appellee.
No. 97-2644.
District Court of Appeal of Florida, Fifth District.
July 17, 1998.
Rehearing Denied August 20, 1998.
Thomas E. Doss, III and David A. Sims of Doss & Sims, P.A., Altamonte Springs, for Appellant.
Jeff B. Clark of Jeff B. Clark, P.A., Orlando, for Appellee.
W. SHARP, Judge.
Stanley Hicks, the former husband, appeals from an order of the trial court that dismissed his motion for rehearing and relief from a dissolution judgment rendered on May 9, 1997. In granting the motion to dismiss filed by Janet Hicks, the former wife, the trial court relied upon Bortz v. Bortz, 675 So.2d 622 (Fla. 1st DCA 1996). We reverse because we think this case is distinguishable from Bortz, and we disagree with our sister court that the motion for rehearing, which was filed within the 10 day limitation[1] by an attorney who had not yet complied with Florida Rule of Judicial Administration 2.060(i) was a legal nullity, and thus deprived the trial court of jurisdiction to consider the motion for rehearing on its merits.
The record in this case is not in dispute. The final judgment of dissolution was rendered on May 9, 1997. On May 19, 1997 a motion for rehearing pursuant to Florida *305 Rule of Civil Procedure 1.530(b), combined with a motion for relief from judgment, pursuant to rule 1.540(b), was filed by Simms, a Florida lawyer, who had not filed the initial pleadings, and who had not been substituted as counsel for Stanley, pursuant to Florida Rule of Judicial Administration 2.060(i). The suit had been filed by Owens, as counsel for Stanley, and Owens had represented Stanley at the trial.
Accompanying the motion, and filed simultaneously with it, appears an affidavit executed by Stanley. In the affidavit Stanley asserted that all the facts stated in the motion are true. He further sets forth details and facts, which facially present appropriate grounds for rehearing and/or relief from the judgment, on its owni.e., errors and miscalculations in the equitable distribution of marital assets ordered by the court, fraud and perjury on the part of Janet in her testimony presented in court, and newly discovered material evidence.
On July 8, 1997, the court, by letter directed to Owens and Clark (the former wife's attorney), ordered them to respond to the motion for rehearing and relief from judgment. Janet responded on July 28, 1997, and Stanley filed a verified rebuttal to Janet's response on July 31, 1997.
On August 7, 1997, Owens and Stanley filed a joint motion to substitute Simms as Stanley's attorney in this cause. In the motion Stanley asserted he was discharging Owens and requested that Owens be relieved from any further responsibility in the cause. On the same day the court entered an order substituting Simms as attorney of record for Stanley.
On August 11, 1997, Janet filed a motion to dismiss the motion for rehearing and relief from judgment on the ground that the trial court had lost jurisdiction, since the motion for rehearing had been a legal nullity because it was filed by an attorney who was not Stanley's attorney of record, and who at the time the motion was filed, had not been substituted pursuant to Florida Rule of Judicial Administration 2.060(i).
That rule provides:
Attorneys for a party may be substituted at any time by order of the court. No substitute attorney shall be permitted to appear in the absence of an order. The court may condition substitution upon payment of or security for the substituted attorney's fees and expenses, or upon such terms as may be just. The client shall be notified in advance of the proposed substitution and shall consent in writing to the substitution. The written consent shall be filed with the court.
At the hearing on the motion to dismiss and in pleadings filed in opposition to it, Owens, Stanley and Simms pointed out that there simply had not been enough time to fully comply with the rule to substitute Simms of record for Owens, before the ten days to file a motion for rehearing expired. Because of the short time period in Rule 1.530(b) to file a motion for rehearing, this as a practical matter, would appear to be the norm rather than otherwise. Florida Rule of Judicial Administration 2.060(i) requires the filing of notice to the client, and consent of the client, and order of the court. Further, the order may be conditioned on payment of fees or security for fees by the client, which may extend the time necessary to fully comply with this rule.
Under such circumstances, we do not think that Rule. 2.060(i) should be interpreted to mean that a substituted attorney's pleadings filed on behalf of the client before full compliance with that rule, makes a pleading so filed, a legal nullity. Rather, we think failure to fully comply with rule 2.060(i) makes pleadings filed by an attorney voidable and subject to a motion to strike. However, once full compliance with the rule has been accomplished, as in this case it was, a better view of the situation would be to hold that the pleadings filed on the client's behalf are legally effective, retroactively or nunc pro tunc.
In Bortz, there was no effort to comply with rule 2.060(i) at any time. However the court did say that the motion for rehearing filed by the substitute attorney, not of record, was a "legal nullity." This gives grounds for the inference that even if compliance with rule 2.060(i), had been completed, although belatedly, it would have made no difference to the outcome.
*306 In a later case, Pasco County v. Quail Hollow Properties Inc., 693 So.2d 82 (Fla. 2d DCA 1997), the court took that view, in an additional (not substitute) attorney situation pursuant to rule 2.060(j). To proceed as an additional attorney, rule 2.060(k) only requires that a notice of appearance be filed by the additional attorney with other parties and the court. The court reasoned, in Pasco, that interpreting the rule in this manner promoted the purpose of the rule. It described the purpose of the rule as: to allow the court to rely on the representations of the attorneys who file pleadings before it; to protect clients who may be bound by such representations; and to ensure the rights of other parties to know with whom they are dealing in a lawsuit.
However, as illustrated by this case, this interpretation of the rule[2] has harsh results, if applied to cases in which the Rules of Judicial Administration have been fully complied with, although belatedly, and all parties' and the courts' rights to know and to be represented are sufficiently protected. There is no good reason to proclaim that a lawyer's premature actions, taken in the best interest of the litigant, have no legal effect.
Further we think the facts in this case distinguish it from Bortz and Pasco County because Stanley joined with Simms in filing the motion for rehearing, and in fact by his own affidavit repeated all of the allegations set forth in the motion. There is no reason the court could not have ignored Simm's motion, and looked solely to Stanley's pleading as sufficient to constitute a pro se motion for rehearing. If Simms could not represent Stanley, surely Stanley could represent himself. See Baker v. Grant, 497 So.2d 895 (Fla. 5th DCA 1986).
REVERSED.
COBB, J., and ORFINGER, M., Senior Judge, concur.
NOTES
[1] Fla. R. Civ. P. 1.530(b).
[2] Restrictions on the right to access to the courts should be construed so as to favor the constitutional right. G.B.B. Investments Inc. v. Hinterkopf, 343 So.2d 899 (Fla. 3d DCA 1977); Lehmann v. Cloniger, 294 So.2d 344 (Fla. 1st DCA 1974).