884 So.2d 309 (2004)
William H. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1216.
District Court of Appeal of Florida, Second District.
August 25, 2004.
Rehearing Denied September 16, 2004.
*310 Nevin A. Weiner of Nevin A. Weiner, P.A., Sarasota, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
William H. Thomas challenges three orders: (1) his January 13, 2003, judgment and sentence; (2) the February 13, 2003, trial court order striking his motion to withdraw plea; and (3) the February 21, 2003, order denying his motion for reconsideration of the February 13, 2003, order. We affirm the February 13 and February 21, 2003, orders. However, because we do not have jurisdiction to review Thomas' January 13, 2003, judgment and sentence, we dismiss the appeal of that order without prejudice to any right Thomas might have to file a motion pursuant to Florida Rule of Criminal Procedure 3.850 or a petition for belated appeal pursuant to Florida Rule of Appellate Procedure 9.141(c).
On January 13, 2003, the trial court entered a judgment finding Thomas guilty of two counts of third-degree felony possession of child pornography and sentencing him to two consecutive five-year terms of sex offender probation. On January 10 and January 13, 2003, Thomas' attorney of record filed motions to modify sentence. Subsequently, on January 16 and January 24, 2003, another attorney, who had not filed an appearance in the case, filed motions to withdraw Thomas' plea. On February 13, 2003, the trial court entered an order striking both motions to withdraw plea as nullities because they were filed by an attorney not of record in the case.
In an attempt to correct the problem, on February 20, 2003, the attorney not of record filed a notice of appearance and a motion for reconsideration of the February 13, 2003, order striking the motions to withdraw plea. However, by the time he filed the motion and notice, the thirty-day time period for filing a motion to withdraw plea had expired. On February 21, 2003, the trial court entered an order denying the motion for reconsideration because it was not an authorized motion under Florida Rule of Criminal Procedure 3.170(l).
On February 25, 2003, the trial court conducted a hearing on the motion to modify sentence filed by Thomas' attorney of record, and on February 28, 2003, the court entered an order ruling on that motion.
*311 On March 10, 2003, Thomas, through the attorney who had not been of record initially, filed a notice of appeal, challenging the January 13, 2003, judgment and sentence, the February 13, 2003, order striking the motion to withdraw plea, and the February 21, 2003, order denying the motion for reconsideration.
The March 10, 2003, notice of appeal is timely as to both the February 13, 2003, order and the February 21, 2003, order, but not as to the January 13, 2003, judgment and sentence because none of the postjudgment motions filed by either attorney tolled the time for filing a notice of appeal. Unlike motions to correct sentencing errors, motions to modify sentences do not toll the time for filing a notice of appeal. See Fla. R.Crim. P. 3.800(b) & (c). Additionally, pursuant to Pasco County v. Quail Hollow Properties, Inc., 693 So.2d 82 (Fla. 2d DCA 1997), the trial court correctly declared the two motions to withdraw plea to be nullities because they were not filed by an attorney of record. Although Pasco County is a civil case, the analysis employed there appears to apply equally in the criminal arena insofar as the analysis was based in large part on Florida Rule of Judicial Administration 2.060(h), which sets forth the requirements for attorneys who wish to appear in all legal proceedings, regardless of whether they are criminal or civil.[1] Because the motions to withdraw plea here are legal nullities, they did not operate to toll the time for appeal.
Furthermore, by the time that the attorney who was not of record filed his notice of appearance along with his second motion to withdraw plea, the time for filing a motion to withdraw plea had expired. Therefore, that motion could not toll the time for appeal. Moreover, the trial court properly refused to consider the attorney's motion for reconsideration on the grounds that it was not an authorized motion. See Bridges v. State, 863 So.2d 366 (Fla. 5th DCA 2003). Accordingly, we conclude that the notice of appeal is untimely as to the January 13, 2003, judgment and sentence, and we dismiss the appeal as to that order.
We now turn to the merits of the February 13 and February 21, 2003, orders, as to which we do have jurisdiction. As we noted above, pursuant to Pasco County, 693 So.2d 82, the February 13, 2003, ruling was correct in dismissing the two motions to withdraw plea as nullities for the attorney's failure to file a notice of appearance. Additionally, pursuant to Bridges, 863 So.2d 366, the February 21, 2003, order properly denied the motion for reconsideration as an unauthorized motion under rule 3.170(l). We therefore affirm the February 13 and 21, 2003, orders.
In conclusion, we dismiss for lack of jurisdiction the appeal of the January 13, 2003, judgment and sentence without prejudice to any right Thomas might have to file a motion pursuant to rule 3.850 or a petition for belated appeal pursuant to rule 9.141(c); we affirm the two February orders.
CANADY and WALLACE, JJ., Concur.
NOTES
[1] Although the Fifth District determined in Hicks v. Hicks, 715 So.2d 304 (Fla. 5th DCA 1998), that striking such a motion as a nullity is improper, we are bound by this court's determination in Pasco County.