ON MOTION TO DISMISS

PALMER, J.
Seminole County School Board moves this court to dismiss the instant appeal as untimely. Concluding that the appeal is in fact untimely as to all appellants, we grant the motion.
Appellants, SC. Read, Inc., Jennifer Finch, and Tuscawilla Homeowners’ Association, Inc. filed a four count complaint in the trial court. Count I sought to enjoin the School Board from adopting and implementing a school rezoning plan for failure to comply with the Sunshine Law. Count II requested a writ of mandamus requiring the School Board to redo the rezoning in compliance with a School Board Rule. Count III requested a writ of mandamus requiring the School Board to submit its rezoning plan to the Board’s Core Committee for review and analysis and to conduct a work seminar between the Committee and the Board. Count IV requested a declaration finding that the School Board failed to follow Florida law in approving the rezoning plan.
On September 8, 2005, the trial court denied the appellants’ request for injunc-tive relief in Count I. On September 21, Attorney Alex Finch, who represented SC. Read and Jennifer Finch, filed a motion for rehearing. A hearing on that motion was held on October 11, 2005. On that date, Finch filed a notice of appearance as additional counsel for Tuscawilla Homeowners’ Association, Inc. Following that hearing, the trial court denied the motion for rehearing. On November 8, 2005, a notice of appeal was filed by Jennifer Finch, SC. Read, Inc., and Tuscawilla Homeowners’ Association, Inc. Said notice was signed by Attorney Damon A. Chase on behalf of Tuscawilla Homeowners’ Association, Inc., and Attorney Alex Finch on behalf of Finch and SC. Read.
Seminole County School Board has moved to dismiss this appeal as untimely. As to Read and Finch, the School Board contends that the order is not a final ap-pealable order because it did not dispose of the other counts brought by them. We agree. The order is not a final order as to Read and Finch because it does not dispose of their entire action and the counts that are still pending are factually related to Count I. See Hallock v. Holiday Isle Resort & Marina, Inc., 885 So.2d 459 (Fla. 3d DCA 2004); Shephard v. Ouellete, 854 So.2d 251 (Fla. 5th DCA 2003).
We recognize that, since the order appealed was an order denying injunctive relief it could have been appealed by Read and Finch pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B) as an appealable, non-final order. However, rather than filing an appeal of that order within 30 days, Read and Finch filed a motion for rehearing and waited until that motion was ruled upon before filing their notice of appeal. Such filing was 60 days after the trial court’s non-final order was entered. A motion for rehearing is not authorized regarding a non-final order and thus does not toll the time for filing an *1257 appeal. Jake and the Fat Man Bike Week USA, Inc. v. Biker Design, Inc., 919 So.2d 476 (Fla. 5th DCA 2005); Deal v. Deal, 783 So.2d 319 (Fla. 5th DCA 2001). As such, this appeal is untimely as to Read and Finch.
As to Tuscawilla Homeowners’ Association, Inc., the association was only a party to Count I of the complaint and, accordingly, the trial court’s order denying injunctive relief was a final, appealable order as to the association. However, the association failed to file a notice of appeal within 30 days of the date the trial court entered its order, having waited until a ruling was made upon the motion for rehearing filed by Read and Finch. Although a motion for rehearing filed on behalf on Tuscawilla Homeowners’ Association would have tolled the time for filing another appeal until it was ruled on by the trial court, a motion for rehearing filed by the other parties did not toll the time for the filing of an appeal by Tuscawilla Homeowners’ Association.
Tuscawilla Homeowners’ Association contends that the notice of appeal was timely as to it since the motion for rehearing was also filed on its behalf. The record does not support his contention.
The motion for rehearing was filed on behalf of unspecified “petitioners”, but was only signed by Attorney Alex Finch, who at the time of the filing only represented SC. Read and Jennifer Finch. The motion does not reference Tuscawilla Homeowners’ Association, nor purport, on its face, to be filed on behalf of that entity. On the day of the hearing on that motion, Finch did file a notice of appearance as additional counsel on behalf of Tuscawilla Homeowners’ Association. However, that notice of appearance does not purport to have the effect of entering an appearance on behalf of Tuscawilla Homeowners’ Association on any date prior to the date of the filing of the notice. The notice appears to have been an after-the-fact attempt to turn the earlier filed motion for rehearing on behalf of the other petitioners into a timely motion for rehearing by the association.[1]
Tuscawilla Homeowners’ Association contends that Finch’s late filing of the notice of appearance as additional counsel at the time of the hearing on the motion was sufficient to make this appeal timely, based upon the ease of Hicks v. Hicks, 715 So.2d 304 (Fla. 5th DCA 1998). We disagree. In Hicks, a motion for rehearing was filed by an attorney who had not filed the initial pleadings and who had not been properly substituted as counsel. However, Hicks signed an affidavit accompanying the motion which asserted that all facts alleged in the motion were true. In addition, the attorney stated that he had not complied with Florida Rule of Judicial Administration 2.060 regarding substitution of counsel because he had not had enough time to accomplish the substitution. This case is factually distinguishable. Tuscawil-la Homeowners’ Association was represented by other counsel at the time the motion for rehearing was filed and the motion nowhere indicated that it was being filed on behalf of the association. Nothing would have prevented Finch from filing his notice of appearance as additional counsel simultaneously with filing the motion for rehearing.
APPEAL DISMISSED.
PLEUS, C.J., and SAWAYA, J., concur.

. This conclusion is supported by the fact that the ultimate notice of appeal filed after the denial of the motion for rehearing was signed by Alex Finch only in his capacity as attorney for Read and Finch, not in his alleged capacity as co-counsel for Tuscawilla.