WELLS, Judge.
The Law Offices of La Ley con John H. Ruiz, P.A. appeals from an order denying its motion to assess attorney’s fees against The Bank of New York Mellon in this now dismissed mortgage foreclosure case. Because no legal basis exists to support an award of fees in this matter in favor of Ruiz against the Bank, we affirm.
This action commenced in October of 2009 when the Bank sought to foreclose a loan secured by a mortgage executed by Jaime Cacho. Cacho initially was represented by John Ruiz (and his firm) who filed an answer and affirmative defenses on Cacho’s behalf. In that answer, Cacho sought an award of attorneys fees should he prevail in the matter:
Pursuant to Paragraph 24 of the Mortgage, the Plaintiff shall be entitled to expenses including attorney’s fees in pursuing the remedies provided in Paragraph 22 of the Mortgage. Since the Plaintiff is pursuing attorney’s fees pursuant to the Mortgage’s Paragraph 24, then pursuant to Section 57.105(7), the Defendant is entitled to attorney’s fees if he/she/they prevails(s) in this action.
Following an initial flurry of discovery by Ruiz on Cacho’s behalf, Ruiz sought leave to withdraw as Cacho’s counsel of record and was permitted to withdraw on March 81, 2011.[1] Cacho thereafter was unrepresented.
On December 29, 2011, after the Bank failed to appear for trial, the action was dismissed in an order that makes no mention of attorney’s fees. On January 19, 2012, Ruiz, claiming to be acting on behalf of Cacho, moved for an award of attorney’s *945 fees from the Bank for services rendered before Ruiz withdrew:
COMES NOW, the Defendant, JAIME CACHO, by and through his undersigned counsel and hereby files this Motion For Attorney’s Fees against Plaintiff, THE BANK OF NEW YORK MELLON ....
On November 20, 2012, ten months after this motion was filed, Ruiz filed a notice of attorney’s charging lien to recover for services rendered to Cacho “pursuant to a written, express contract between the aforementioned JAIME CACHO and the undersigned attorney.” On November 21, 2012, “Defendant’s Motion for Entitlement to Attorneys Fees and Costs” was denied.
Ruiz appeals that order claiming that he was entitled to seek and to secure a fee award from the Bank because (1) the mortgage and note executed by Cacho in favor of the Bank provides for an award of fees to the Bank should it prevail in an action to enforce the note and mortgage; (2) under section 57.105(7) of the Florida Statutes, Cacho would be entitled to a fee award should he prevail in any such enforcement action; (8) pursuant to this authority, in the foreclosure action, Cacho had requested a fee award in the event he prevailed; and (4) Cacho had prevailed.
While all of this: entitled Cacho to pursue and to secure a fee award against the bank, see, e.g., Valcarcel v. Chase Bank USA NA, 54 So.3d 989 (Fla. 4th DCA 2010) (holding mortgagors in dismissed foreclosure action entitled to fee award as prevailing parties under section 57.105(7)); § 57.105(7), Fla. Stat. (2012) (making contractual fee provisions reciprocal), none of it entitled Ruiz to pursue or to secure a fee award against the Bank in this action.
Ruiz’s entitlement to fees stems from his agreement, whether express or implied, with Cacho pursuant to which Cacho agreed to pay Ruiz for his services. Ca-cho’s entitlement in turn to secure payment of those fees by the Bank stems from the express terms of a mortgage agreement between Cacho and the Bank pursuant to which the Bank became obligated to pay Cacho in the event he prevailed in any enforcement litigtion. Ruiz cites to no agreement between either Cacho and the Bank, himself and the Bank, or himself and Cacho which would authorize him independently of Cacho to seek payment of Cacho’s attorney’s fees or which would obligate the Bank to pay him directly for services he rendered to Cacho.
As Ruiz concedes in his initial and reply briefs, by the time this action was dismissed and the motion for fees filed, Ruiz no longer represented Cacho.[2] Ruiz was, *946 therefore, without authority to seek any relief on Cacho’s behalf. See Fla. R. Jud. Admin. Rule 2.505(f) (2012) (providing that the appearance of an attorney for a party “shall terminate” upon a court order authorizing withdrawal); Fla. R. Jud. Admin. 2.505(e) (2012) (stating that an attorney may appear in a proceeding in one of three ways: (1) by serving and filing, on behalf of a party, “the party’s first pleading or paper in the proceeding”; (2) by substitution of counsel, “but only by order of court and with written consent of the client, filed with the court”; and (3) by filing with the court and serving on all parties a “notice of appearance as counsel for a party”) (emphasis added); see Pasco County v. Quail Hollow Props., Inc., 693 So.2d 82, 83 (Fla. 2 DCA 1997) (confirming that the rationale behind the appearance of counsel rule is to assure courts that they may, rely on the representations of the attorneys who file pleadings before them; to protect clients who may be bound by such representations;' and to ensure the rights of other parties to know with whom they are dealing); see also Thomas v. State, 884 So.2d 309, 311 (Fla. 2d DCA 2004) (striking as nullities motions filed by an additional attorney who had not filed an appearance in the case).[3] Moreover, because Ruiz failed to timely seek a charging lien[4], he lost any opportunity in this case to seek relief on his own behalf. As this court said in Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A., 517 So.2d 88, 93 n. 6, n. 7 (Fla. 3d DCA 1987):
It may be that this notice [of a timely claim of lien] is critical to a discharged or- withdrawing attorney, who is, perforce, no 'longer a part of the litigation *947 and must take affirmative steps to retain his position vis-a-vis the client and the outcome; notice in such a case both alerts a successor attorney to a potential reduction of his own fee and “reminds” a client that discharge or withdrawal of an attorney does not reheve the client of his obligation to that attorney.
[[Image here]]
However, if an attorney has not claimed a charging lien or there are no proceeds to which a lien can attach, he nonetheless retains the right to sue the client on the contract in an action at law in which the client is entitled to a jury trial. However, mere withdrawal or discharge of the attorney before litigation is ended does not deprive him of his right to enforce a claim of lien asserted before the close of the litigation.
(Citations omitted).
In sum, the fact that Ruiz was not Ca-cho’s attorney at the time of the dismissal or any time thereafter and that Ruiz failed to timely assert a charging lien, leaves Ruiz where he always has been. He agreed to represent Cacho in a mortgage foreclosure action, a defensive battle in which no damage award was realistically contemplated. Cacho apparently agreed to pay Ruiz for that representation. The foreclosure action was dismissed entitling Cacho to seek recovery of his fees from the Bank, a right which he did not pursue. Because Ruiz failed to timely seek a charging lien which arguably might have provided him with an avenue to seek a fee award directly from the Bank, he remains exactly where he started: holding Cacho’s contractual obligation to pay his fees.
Accordingly, the order on appeal is affirmed.
LOGUE, J., concurs.

. Ruiz made no mention of a charging lien in his motion to withdraw, distinguishing this case from, for example, Heller v. Held, 817 So.2d 1023, 1026 (Fla. 4th DCA 2002), where counsel filed his motion to withdraw, asserting that, pursuant to a fee contract, he was entitled to a charging lien on the plaintiff's interest in the action and asking the court to reserve jurisdiction to entertain a petition to establish and enforce a charging lien.

. Ruiz's briefs filed herein are cleverly crafted to make it appear as though Cacho is the party or the appellant seeking relief. These suggestions are belied by random statements in the briefs which demonstrate that the “party” prosecuting these matters is John Ruiz and his firm:
Appellant’s counsel [this would be John Ruiz, Cacho’s former counsel] filed a motion to withdraw for Appellant’s [Cacho’s] failure to abide by its [sic] contractual obligation to pay attorneys’ fees and costs and to cooperate in the defense of the foreclosure litigation and assistance with pursuing loss mitigation efforts. The fact that the undersigned [John Ruiz’s firm, the purported counsel for Cacho] had withdrawn from the case, in no way leads to the conclusion that the undersigned [John Ruiz's firm] would not be entitled to recover the attorneys' fees it is due when the Appellee took a voluntary dismissal. In fact, the Appellant’s [Cacho’s former ] counsel, prior to the hearing on the Motion for Entitlement to Attorneys' Fees, filed with the Court a Notice of Attorneys’ Charging Lien in this case.
Despite the fact that Ruiz and his firm were not counsel for Cacho — the Defendant — when the motion for fees was filed, that motion expressly misrepresents that Ruiz is filing the *946 motion as counsel for Cacho and on his behalf:
COMES NOW, the Defendant, JAIME CACHO, by and through his undersigned counsel and hereby files this Motion. For Attorney’s Fees against Plaintiff ....

. The record before us is devoid of any indication that Ruiz filed a notice of appearance or was substituted as counsel or that Cacho in any manner rehired Ruiz. See Bortz v. Bortz, 675 So.2d 622, 624 (Fla. 1st DCA 1996) ("The record does not reflect that a motion was ever filed requesting leave by the second attorney to substitute for the former wife’s first attorney, or that the former wife consented in writing to such a substitution. Moreover, no order was ever entered permitting substitution. Accordingly, based upon the clear language of rule 2.060(h), [now 2.505] we conclude that the trial court correctly determined that the motion for rehearing, filed by the second attorney, was a nullity.”).

. The charging lien Ruiz filed more than ten months after the dismissal was entered was untimely and deprived the court below of the authority to enforce it. See Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1384 (Fla.1983) (stating that a charging lien "is an equitable right to have costs and fees due an attorney for services in [a] suit secured to him in the judgment or recovery of that particular suit”); Naftzger v. Elam, 41 So.3d 944, 946-47 (Fla. 2d DCA 2010) (“When an attorney wishes to enforce a charging líen for attorney's fees, 'the attorney must show: (1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney’s fees out of the recovery; (3) either an avoidance of payment or a dispute as to the amount of fees; and (4) timely notice.’ Daniel Mones, P.A. v. Smith, 486 So.2d 559, 561 (Fla.1986). Regarding the fourth requirement, notice of the charging lien must be filed or the lien pursued in the action before entry of a final judgment or dismissal of the case. Weiland v. Weiland, 814 So.2d 1252, 1253 (Fla. 2d DCA 2002); Levine v. Gonzalez, 901 So.2d 969, 974 (Fla. 4th DCA 2005); Hannah v. Elder, 545 So.2d 503, 504 (Fla. 4th DCA 1989). If notice is not given before entry of the final judgment or an order dismissing the case, the trial court loses jurisdiction to enforce a charging lien in the original action,") (emphasis added); Gaebe, Murphy, Mullen & Antonelli v. Bradt, 704 So.2d 618, 619 (Fla. 4th DCA 1997) ("[C]ase law only requires that notice be sent before the case is resolved.”).