PER CURIAM.
Saga Bay Gardens Condominium Association (“the Association”) appeals the trial court’s award of attorney’s fees and costs to Israel Reyes (“the receiver’s attorney”). We reverse because the receiver’s attorney lacked standing to pursue the receiver’s claim for attorney’s fees and costs.[1]
In November 2011, Saga Bay Gardens Condominium had a number of units delinquent in assessments. As a result, the Association petitioned the trial court for the appointment of a receiver. The trial court granted the petition and appointed Enrique Garcia (“the receiver”).
In the order appointing the receiver, the trial court authorized him “[t]o employ attorneys to provide legal services for [him] for such purposes as may be necessary during the period of the receivership,” including any services related to a person or entity interfering with him in the performance of his duties. The order went on to state that “[s]hould the Receiver be required to engage the services of [his] attorney(s) for the enforcement of this Order, the Receiver shall [be] entitled to reasonable costs, expenses, and attorney(s) fees.”
In December 2011, a group of Saga Bay Gardens Condominium unit owners filed a motion to intervene and to vacate the order appointing the receiver, in which several allegations were made against the receiver. The receiver’s attorney responded to the motion, contending that the unit owners seeking to intervene lacked a sufficient interest in the case. Following a hearing, the trial court granted the motion and discharged the receiver. The receiver incurred additional legal fees subsequent to his discharge that apparently related to his obligation under a new receivership order to cooperate with his replacement.
In March 2012, the receiver’s attorney filed a motion to withdraw from the case, which was granted. One month later, the receiver’s attorney moved for attorney’s fees and costs that had been incurred prior to — and subsequent to — the receiver’s dis *802 charge. The trial court granted the motion. This appeal followed.
The receiver’s attorney lacked standing to pursue an award of attorney’s fees and costs independent of the receiver. See Cacho v. The Bank of New York Mellon, 124 So.3d 943, 945 (Fla. 3d DCA Sept. 25, 2013) (holding that an attorney who withdrew as counsel of record and failed to timely seek a charging lien lacked standing to pursue attorney’s fees on his behalf in a foreclosure suit); see also Fickle v. Adkins, 385 So.2d 1141, 1142 (Fla. 3d DCA 1980) (“We are cognizant of the oft-stated proposition that the right to attorneys’ fees is derivative in nature ....”). Under the order appointing the receiver, the receiver-not an attorney-was entitled to seek an award of attorney’s fees and costs: “the Receiver shall [be] entitled to reasonable costs, expenses, and attorney(s) fees.” (emphasis added). Moreover, the record reflects that no other court order, such as an order that approved retaining the receiver’s attorney, permitted the receiver’s attorney to pursue an award of attorney’s fees and costs independent of the receiver.[2] We therefore reverse and vacate the award of attorney’s fees and costs to the receiver’s attorney.

. Because we reverse on the issue of standing, we need not address the other issues raised by the Association on appeal, such as whether the services rendered by the receiver's attorney benefitted the receivership estate or the receiver individually. Of course, attorney’s fees and costs cannot be awarded to a receiver if the expenses do not benefit the receivership estate. Sundale Assocs. Ltd. v. Moore, 481 So.2d 1300, 1301 (Fla. 3d DCA 1986) (holding that a former receiver could not recover attorney's fees and costs when one party to an earlier lawsuit alleged that he committed a tort during the receivership “[b]ecause these expenses did not arise out of the receivership and could not in any way benefit the receivership estate, as opposed to the receiver individually”); Tanner v. Ledington, 513 So.2d 255, 256 (Fla. 2d DCA 1987) (holding that a trial court lacked authority to award attorney’s fees and costs incurred by a receiver in defending her actions as the receiver because "[a]ny benefit derived from the legal services performed at [the receiver’s] behest accrued to her individually and not to the estate”).

. It would be in the best interests of both receivers and attorneys for the receiver to obtain court approval prior to retaining legal services. Creative Prop. Mgmt., Inc. v. Gen. Elec. Credit Corp. of Ga., 314 So.2d 807, 808 (Fla. 3d DCA 1975) (recognizing that "the better practice would be for the receiver to obtain approval of the court prior to the engaging of counsel and rendition of services by him,” even though such approval is not required) (citing Lewis v. Gramil Corp., 94 So.2d 174, 177 (Fla. 1957)).