# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-879
Lower Tribunal No. 17-CA-000061

_____

LEE COUNTY, FLORIDA,

Appellant,

v.

DEAN WISH, LLC,

Appellee.

_____

Appeal from the Circuit Court for Lee County.
Keith R. Kyle, Judge.

March 8, 2024

WOZNIAK, J.

Appellant Lee County, Florida, appeals the trial court's order denying its motion for trial court attorney fees after it obtained a judgment in its favor on a Bert J. Harris, Jr., Private Property Rights Protection Act ("the Act") claim filed by Appellee Dean Wish, LLC.[1] Lee County argues that the trial court erred in holding that the Second District Court of Appeal's order denying Lee County's appellate

---

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

attorney fees in a previous appeal was law of the case that mandated denial of its trial court attorney fees.[2] We agree with Lee County, and we reverse and remand to the trial court for further proceedings to determine Lee County's entitlement to trial court attorney fees.

BACKGROUND

Many of the facts are detailed in the Second District's opinion in *Dean Wish, LLC v. Lee County*, 326 So. 3d 840 (Fla. 2d DCA 2021). In short, Dean Wish desired to develop its property in a manner prohibited by Lee County's density requirements. In 2016, Dean Wish presented Lee County with a presuit notice of claim under the Act, rejected a presuit settlement offer from Lee County, and filed the underlying action pursuant to the Act.[3] After protracted litigation, Dean Wish sold the property at auction.

---

[2] This case occupies a unique procedural posture given that the parties' first appeal properly proceeded in the Second District Court of Appeal, yet the appeal of the subsequently rendered trial court fee order, which was based on the trial court's understanding of the Second District's appellate fee order, properly proceeds in the Sixth District Court of Appeal due to the realignment of the Twentieth Judicial Circuit that was occasioned by the creation of the Sixth District in January 2023. The consequence of this realignment is that this Court is called upon to analyze the extent and effect of the Second District's order denying appellate fees in the prior appeal.

[3] The Act establishes a limited cause of action for the "property owner" against a governmental entity "[w]hen a specific action of a governmental entity has inordinately burdened an existing use of real property or a vested right to a specific use of real property[.]" § 70.001(2), Fla. Stat. (2016). As a presuit requirement under

Following the sale, Lee County filed a summary judgment motion, arguing that Dean Wish could not maintain the lawsuit because it no longer owned the property. The trial court agreed and granted Lee County's motion, holding that Dean Wish was no longer the "property owner," defined under section 70.001(3)(f) of the Act as "the person who holds legal title to the real property." The Second District affirmed the judgment in a written opinion. *Dean Wish*, 326 So. 3d 840. Accordingly, Dean Wish could no longer maintain its action against Lee County.

Lee County, having prevailed on the merits, moved the Second District for an award of its appellate attorney fees under section 70.001(6)(c)2. of the Act, which states:

> In any action filed pursuant to this section, the governmental entity or entities are entitled to recover reasonable costs and attorney fees incurred by the governmental entity or entities from the date of the filing of the circuit court action, if the governmental entity or entities prevail in the action and the court determines that the property owner did not accept a bona fide settlement offer, including the statement of allowable uses, which reasonably would have resolved the claim fairly to the property owner if the settlement offer had been accepted by the property owner, based upon the knowledge available to the governmental entity or entities and the property owner during the 90-day-notice period or the 150-day-notice period.

---

the Act, the "property owner" must send notice of its claim to the "head of the governmental entity" from which it seeks compensation. § 70.001(4)(a), Fla. Stat. (2016). In turn, the governmental entity must respond to the notice within the presuit notice period with a settlement offer. § 70.001(4)(c), Fla. Stat. (2016).

§ 70.001(6)(c)2., Fla. Stat. Dean Wish responded that if it was not the "property owner" as defined by the Act, then Dean Wish's failure to accept Lee County's settlement offer could not trigger the Act's fee provision because the "property owner" did not fail to accept an offer.

The Second District denied Lee County's motion for appellate fees, writing:

> Appellee's motion for attorneys' fees under section 70.001(6)(c)(2), Florida Statutes . . . is . . . denied because the statute did not apply when the trial court rendered the order on appeal and the Appellee moved for fees. *See* § 70.001(6)(c)(2) ("In any action filed pursuant to this section, the governmental entity or entities are entitled to recover reasonable costs and attorney fees . . . if the governmental entity or entities prevail in the action and the court determines that the property owner did not accept a bona fide settlement offer. . . ."); *cf. Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 370 (Fla. 2013) ("We conclude that Diamond Aircraft is entitled to fees but only for the period of litigation until the federal district court held that FDUTPA did not apply to Horowitch's claim."); *Cacho v. Bank of N.Y. Mellon*, 124 So. 3d 943, 945-46 (Fla. 3d DCA 2013) ("As Ruiz concedes in his initial and reply briefs, by the time this action was dismissed and the motion for fees filed, Ruiz no longer represented Cacho. Ruiz was, therefore, without authority to seek any relief on Cacho's behalf." (footnote omitted)).

Although Lee County was unsuccessful in its quest for appellate fees, it believed it was still entitled to recover its trial court fees for the time expended in the suit pre-appeal. Accordingly, it proceeded on its motion for trial court fees under section 70.001(6)(c)2., arguing that it was the prevailing party; it made a bona fide settlement offer as required by the Act; and Dean Wish could not rely on the Act's inapplicability as a shield to the fee-shifting section therein. Dean Wish responded that the issue of Lee County's entitlement to attorney fees was already decided by

4

the Second District and the trial court was bound by that decision as law of the case.

The trial court agreed with Dean Wish that the Second District's order was law of the case, denied Lee County's motion, and held:

> The Court further agrees with Plaintiff, and rejects the County's reliance on cases awarding attorney's fees to a defendant that prevails on an argument that a statute a plaintiff sued under does not apply. . . . In those cases, the statute awarded "prevailing party" attorney's fees and the defendant was the "prevailing party." *See e.g. Diamond; Mack v. Universal Prop. & Cas. Ins. Co.*, 321 So. 3d 901 (Fla. 2d DCA 2021). Conversely, Section 70.001(6)(c)(2) says that only the "property owner" must pay the County's attorney's fees.

On motion for rehearing, Lee County argued that the Second District was concerned solely with appellate attorney fees and thus had examined only whether the Act applied at any point *during the appeal*. Lee County also argued that the trial court's order denying fees is contrary to controlling Florida law allowing recovery of fees even if the underlying act sued upon is determined to be inapplicable during the litigation. The trial court rejected Lee County's arguments and denied rehearing.

This appeal followed.

DISCUSSION

The question here is whether the Second District's fee order issued in the first appeal is, like the matters resolved in its underlying opinion,[4] law of the case. If, as Dean Wish asserts, that order is read to prohibit Lee County from recovering trial

---

[4] It is not for us to re-address any matters implicitly or necessarily resolved by the Second District in its written opinion, as those matters are clearly law of the case.

court attorney fees, then it is, indeed, law of the case, and affirmance would be required. In addressing this issue, we are mindful that our standard of review is de novo. *See Pompano Masonry Corp. v. Anastasi*, 125 So. 3d 210, 212 (Fla. 4th DCA 2013) ("Whether the law of the case doctrine applies is a question of law, and therefore our standard of review is de novo." (citation omitted)).

Resolution of the issue requires that we parse the language of the Second District's fee order, analyzing both the language employed and the cases cited, including the signals used to introduce those cases, to determine whether the Second District's denial of appellate fees was properly extended to the fees sought for pre-appeal work performed in the trial court. We turn now to our duty.

The Second District held that Lee County could not recover appellate attorney fees under the Act because "the [Act] did not apply when the trial court rendered the order on appeal and the Appellee moved for fees." We take this language exactly as it presents—a clear statement of the Second District's reason for denying fees: at the time the trial court entered the summary final judgment and Lee County moved for appellate fees, the Act was inapplicable, and thus there was no statutory basis for a fee award. Our plain reading of the language is supported by the manner in which the Second District treated the two cases it cited in support of its statement—the Florida Supreme Court's *Diamond Aircraft* opinion and the Third District's *Cacho* opinion—and the holdings thereof.

In *Diamond Aircraft*, the Florida Supreme Court considered the applicability of a fee-shifting provision in the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), which stated:

> In *any civil litigation resulting from an act or practice involving a violation of this part*, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party.

*Diamond Aircraft*, 107 So. 3d at 368 (emphasis in original) (quoting § 501.2105(1), Fla. Stat. (2011)). There, Horowitch filed a FDUTPA action against Diamond Aircraft. The trial court determined Arizona's consumer fraud act (which did not have a fee-shifting provision) controlled, not FDUTPA, and ultimately entered judgment in favor of Diamond Aircraft on Horowitch's consumer fraud claim. Diamond Aircraft sought attorney fees under FDUTPA as a prevailing party. The Florida Supreme Court, upon certified question from the United States Court of Appeals for the Eleventh Circuit, determined Diamond Aircraft was entitled to attorney fees as the prevailing party of the FDUTPA claim, holding that "[b]y invoking FDUTPA and seeking redress under its remedial provisions, Horowitch exposed himself to both the benefits and the possible consequences of that act's provisions." *Id.* at 369. However, the Florida Supreme Court limited Diamond Aircraft's recovery to the period until the trial court determined FDUTPA did not

7

apply because "[f]rom that point forward, the parties were no longer establishing or defending an alleged violation of FDUTPA[.]"[5] *Id.* at 371.

Importantly, the Second District used the "cf." signal before citing to *Diamond Aircraft*. The signal "cf." is used when the "[c]ited authority supports a proposition different from the main proposition but sufficiently analogous to lend support." THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION R. 1.2(a) (Columbia L. Rev. Ass'n et al. eds., 21st ed. 2020). In *Diamond Aircraft*, the Florida Supreme Court authorized fees up until the trial court determined FDUTPA did not apply. Analogous here, the Second District determined that the Act did not apply at any point on appeal so it could not award appellate fees. Clearly, the Second District was concerned with *when* the Act applied, not *whether* Lee County was able to meet the criteria for entitlement to fees under the Act. Simply put, the Act never applied at any time *relevant to the appeal* before the Second District, so it denied appellate fees.

---

[5] Dean Wish attempts to distinguish *Diamond Aircraft* by noting that the fee-shifting statute contemplated by the Florida Supreme Court required only a finding that the movant was the prevailing party. Whereas here, section 70.001(6)(c)2. requires, in addition to the government being a prevailing party, that the government show that the "property owner" rejected a bona fide settlement offer. However, the central holding in *Diamond Aircraft* was that, barring any timing or notice requirements and if authorized by statute, a party may recover fees for the time expended defending an action, regardless of whether the statute is ultimately found inapplicable. Accordingly, the failed attempt at bringing this cause of action, after declining to accept a purported bona fide settlement offer, is what exposed Dean Wish to fee liability.

8

The Second District's citation to *Cacho* also supports our interpretation of the order. In *Cacho*, an attorney who no longer represented his client appealed an order denying a motion to assess attorney fees against a bank in a dismissed foreclosure action. The Third District affirmed the denial, noting that "[a]s [the attorney] concedes in his initial and reply briefs, by the time this action was dismissed and the motion for fees filed, [the attorney] no longer represented Cacho." *Cacho*, 124 So. 3d at 945. Accordingly, the *Cacho* court determined there was no authority for the attorney to seek fees on Cacho's behalf. *Id.* at 945-46.

It appears to us the Second District was intimating that, analogous to *Cacho*, there was no authority for it to award fees because Lee County conceded throughout the appeal that the Act no longer applied. Indeed, Lee County's entire argument on appeal was premised on Dean Wish's inability to enforce the Act because it was no longer the property owner. *See Dean Wish*, 326 So. 3d at 845 ("Lee County contends that . . . the Act's plain language 'affords recovery only to the "property owner" as defined in the Act, which requires the claimant to retain legal title to the subject property until the case is concluded.'"). We conclude, then, that the Second District denied Lee County appellate attorney fees because Lee County conceded the Act did not apply while the appeal was pending (*Cacho*), and Lee County was not entitled to fees for any period when the Act did not apply (*Diamond Aircraft*).

9

Having resolved the basis for the Second District's denial of fees, we turn to the basis for the trial court's denial of Lee County's trial court fee motion—that the Second District's order was law of the case. "An appellate court's fee determination can become the law of the case on the issue of entitlement to trial court attorney's fees where the same legal grounds for fees are argued before both the appellate and trial court." *TKH Coastal Prop. Invs., LLC. v. Talcor Grp., Inc.*, No. 5D23-0371, 2023 WL 5491763, at *2 (Fla. 5th DCA Aug. 25, 2023) (citation omitted). "[T]he law of the case doctrine can prohibit a trial court from awarding fees where the record shows that the appellate court previously denied the movant's request for appellate attorney's fees on the same legal grounds." *Id.* That is not the case here.

The Second District's order left open the possibility that Lee County may recover attorney fees for the period preceding the trial court's determination that Dean Wish was no longer the property owner. Consequently, the "preclusive effect" of the Second District's order concerning appellate attorney fees did not extend to the trial court proceedings, where the Act did apply up until the rendition of the trial court's order granting summary judgment on November 8, 2019. Thus, the trial court, having misapprehended the extent and effect of the Second District's order, erred when it applied the law of the case doctrine and wholesale denied Lee County's motion for trial court attorney fees.

For the above stated reasons, we reverse the trial court's determination that Lee County is not entitled to its trial court attorney fees and remand for a new hearing on Lee County's entitlement to trial court fees. On remand, Lee County is not precluded from obtaining fees so long as it can prove that it was the prevailing party and that Dean Wish "did not accept a bona fide settlement offer, including the statement of allowable uses, which reasonably would have resolved the claim fairly to" Dean Wish "if the settlement offer had been accepted by" Dean Wish, "based upon the knowledge available to" Lee County and Dean Wish "during the 90-day-notice period or the 150-day-notice period." § 70.001(6)(c)2., Fla. Stat.

REVERSED and REMANDED for further proceedings.

NARDELLA and WHITE, JJ., concur.

Chris W. Alternbernd, of Banker, Lopez, Gassler P.A., Tampa, for Appellant.

Hala Sandridge and Chance Lyman, of Buchanan, Ingersoll & Rooney PC, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED